**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ELBERTA BERNICE LIEBERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 96-523-GMS |
| | ) | |
| THE STATE OF DELAWARE, | ) | |
| THE FAMILY COURT OF THE | ) | |
| STATE OF DELAWARE | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPENING BRIEF FOR SUMMARY JUDGMENT**

**FOR LACK OF JURISDICTION**

        Marc P. Niedzielski (#2616)
        Ilona M. Kirshon (#3705)
        Deputy Attorneys General
        Department of Justice, 6th Floor
        820 N. French Street
        Wilmington, DE 19801
        (302) 577-8324
        Attorneys for Defendant

DATED: March 21, 2005

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ 3

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS .................................... 4

SUMMARY OF THE ARGUMENT .................................................................................. 5

STATEMENT OF THE FACTS ......................................................................................... 6

# **ARGUMENT**

THERE IS NO JURISDICTION TO SUPPORT A SECTION 504 CLAIM
AS THE FAMILY COURT DID NOT RECEIVE FEDERAL FUNDS
DURING THE PERIOD OF 1993-1994 ............................................................................. 8

CONCLUSION ................................................................................................................. 10

## **TABLE OF AUTHORITIES**

*College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*,
527 U.S. 666 (1999) ..................................................................................................9

*Koslow v. Pennsylvania,* 302 F.3rd 161(3rd Cir. 2002)..............................................8

*Mass v. Martin Mariertta Corp.,* 805 F.Supp. 1530 (D.Colo. 1992) .................................8

*Nolley v. County of Erie*, 776 F.Supp. 715 (W.D.N.Y. 1991)............................................8

### **Other Authorities**

Eleventh Amendment to the U.S. Constitution..................................................................8

13 *Del.C.* ch.22 ..................................................................................................................8

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff commenced this lawsuit *pro se* on October 31, 1996 by filing a complaint and motion to proceed *in forma pauperis*. On the same day, the Court entered an order permitting plaintiff to proceed. On January 3, 1997, defendant State of Delaware answered the complaint by denying all wrongdoing and asserted a number of defenses.

On February 22, 2001, the Court entered an order that recognized Mr. McNally's representation of the plaintiff.

On May 15, 2001, the parties stipulated to: amendment of the complaint, preservation of defenses and the defendant's response in 30 days. Within thirty days the defendant moved to dismiss on grounds of Eleventh Amendment immunity and that the district court lacked original jurisdiction under Art. III, § 2, cl. 2.

On August 30, 2001, this Court granted the motion to dismiss as to the ADA claims, but denied the motion as to the Rehabilitation Act and original jurisdiction.

On September 12, 2001, defendant filed its notice of appeal.

On July 14, 2003, the Court of Appeals for the Third Circuit affirmed this court's August 30, 2001 decision.

Following the appeal the Court established a scheduling order and the parties have engaged in discovery. On February 10, 2005, at the request of the parties the Court entered a new Scheduling order and established a separate date for depositive motions as to jurisdiction. In accordance with the Scheduling Order, as amended, defendant now moves for summary judgment as to jurisdiction and this is its Opening Brief.

## SUMMARY OF THE ARGUMENT

### I.

There is no waiver of Eleventh Amendment immunity under Section 504 of the Rehabilitation Act as the Family Court did not receive federal assistance in a manner sufficient to evince such a waiver.

## **STATEMENT OF THE FACTS**

Plaintiff testified that she was employed by the Family Court of the State of Delaware from February 16, 1974 until November 1994. (Lieberman Tr[1]. At 8) In her deposition, plaintiff testified that she has suffered with mental illness most of her life and took disability leave for that condition in 1981 and 1986-87 (Lieberman Tr. at 18). Plaintiff also took disability leave for another medical condition in 1988. (Lieberman Tr. at 25-26) Following her disability leave, she returned to her employment with the Family Court. In 1993, plaintiff was approached by her supervisor regarding completion of her work and tardiness.

On October 28, 1994, plaintiff was advised that she was being suspended with pay and that a hearing was scheduled for her possible termination. Prior to the imposition of any employment action, plaintiff took disability leave and applied for a full State and a Social Security disability pension. She was awarded both disability pensions and testified that up to the present time she is unable to work at all. (Lieberman Tr. at 29)

After the Court amended the scheduling order, additional discovery was taken regarding the source of funds for the Family Court of the State of Delaware. During the relevant period of calendar years of 1993 to 1994, the budget laws for the relevant fiscal years reveal that only Appropriated Special Funds (ASF) could be the possible source of federal financial assistance funds. (Disch Tr. 23, l. 24-

---

[1] A copy of plaintiff's deposition transcript is attached to the end of defendant's Opening Brief filed on November 12, 2004.

6

29, l. 15 [deposition electronically attached])  Karen Disch, the Director of Fiscal Services for the Family Court, was deposed by plaintiff on February 28, 2005.  Ms. Disch testified that the Family Court has two basics types of funds from which the family Court is supported as approved by the General Assembly.  Those types are General Funds ["GF"] which are from the State and Appropriated Special Funds ["ASF"] which are paid by the Delaware Department of Health and Social Services, Division of Child Support Enforcement ["DCSE"].  The Family Court bills DCSE on a quarterly basis for court services provided to it.  (Disch Tr. 5-8)  DCSE receives reimbursement from the federal government under Title IV D.  The ASF funds from DCSE provide approximately 25% of the operating expenses of the Family Court.  (Disch Tr. 7, l. 7-9)  The personnel positions that are supported by ASF funds from DCSE are specially designated while employees that are not supported by ASF are designated as GF (General Funds).  The plaintiff's employment position with the Family Court was GF.  (Disch Tr. 28, l. 12 – p. 29, l. 15)

**ARGUMENT**

THERE IS NO JURISDICTION TO SUPPORT A SECTION 504 CLAIM AS THE FAMILY COURT DID NOT RECEIVE FEDERAL FUNDS DURING THE PERIOD OF 1993-1994.

The Court of Appeals affirmed this Court's decision to deny dismissing the Section 504 claim based on plaintiff's allegation in the amended complaint that the Family Court received federal funds during the relevant period, 1993–1994. Following the amended Scheduling Order, plaintiff propounded additional discovery regarding the receipt of federal funds and conducted a Rule 30(b)(6) deposition of Karen Disch, the Director of Fiscal Services for the Family Court.

While the Division of Child Support Enforcement [DCSE[2]] receives reimbursement[3] from the federal government, the Family Court does not receive any funds from any federal agency. (Disch Tr. 32, l. 24- p. 33, l. 21)  There is no evidence that the Family Court applied directly for or received financial assistance from a federal agency.  Accordingly, there is no jurisdiction as there is no waiver of the Eleventh Amendment immunity.  *Koslow v. Pennsylvania,* 302 F.3rd 161, 171(3rd Cir. 2002). ["Therefore, if a state accepts federal funds for a specific department or agency, it voluntarily waives sovereign immunity for Rehabilitation Act claims against the department or agency - but only against that department or

---

[2] DSCE is the sole agency designed under Delaware law to receive and administer funds under the Social Security Act Title IV D.   13 *Del.C*. ch.22.

[3] The case law suggests that the nature of the federal payments must be in the form of assistance rather that payment for goods and services. *See  Mass v. Martin Mariertta Corp.* 805 F.Supp. 1530 (D.Colo. 1992); *Nolley v. County of Erie*, 776 F.Supp.715 (W.D.N.Y. 1991).

agency."] citing *College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666 (1999).

## CONCLUSION

For the above reasons, defendant respectfully requests that the Court enter summary judgment that the Court lacks jurisdiction.

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE


/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Ilona M. Kishon (#3705)
Deputy Attorneys General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8324
 Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I certify that on March 21, 2005, I electronically filed Defendant's Opening Brief for Summary Judgment for a Lack of Jurisdiction to the following:

Edward M. McNally, Esquire
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899
emcnally@morrisjames.com

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
marc.niedzielski@state.de.us