IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELBERTA BERNICE LIEBERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 96-523-GMS |
| | ) | |
| THE STATE OF DELAWARE, | ) | |
| THE FAMILY COURT OF THE | ) | |
| STATE OF DELAWARE | ) | |
| | ) | |
| Defendant, | ) | |

**DEFENDANT'S REPLY BRIEF FOR SUMMARY JUDGMENT**

**FOR LACK OF JURISDICTION**

          Marc P. Niedzielski (#2616)
          Ilona M. Kirshon (#3705)
          Deputy Attorneys General
          Department of Justice, 6th Floor
          820 N. French Street
          Wilmington, DE 19801
          (302) 577-8324
          Attorneys for Defendant

DATED: April 11, 2005

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................3

**ARGUMENT**

THERE IS NO JURISDICTION TO SUPPORT A SECTION 504 CLAIM
AS THE FAMILY COURT DID NOT RECEIVE FEDERAL FINANCIAL
ASSISTANCE DURING THE PERIOD OF 1993-1994 ......................................................4

CONCLUSION .....................................................................................................................8

## **TABLE OF AUTHORITIES**

*Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326 (3d Cir. 1995)...............................6

*Gumbs v. International Harvester, Inc.,* 718 F.2d 88 (3d Cir. 1983) .................................6

*Koslow v. Pennsylvania,* 302 F.3rd 161(3rd Cir. 2002).......................................................4, 5, 6

*United States Department of Transportation v. Paralyzed Veterans of America,*
477 U.S. 597 (1986)................................................................................................................5

## **Other Authorities**

Eleventh Amendment to the U.S. Constitution...........................................................................4, 5

13 *Del.C.* ch.22 ...........................................................................................................................4

29 Am.Jur.2d *Evidence* § 177 ...................................................................................................6

29 U.S.C. § 794............................................................................................................................5

31A C.J.S. Evidence § 156(2)....................................................................................................6

## ARGUMENT

THERE IS NO JURISDICTION TO SUPPORT A SECTION 504 CLAIM AS THE FAMILY COURT DID NOT RECEIVE FEDERAL FINANCIAL ASSISTANCE DURING THE PERIOD OF 1993-1994.

### (a)     Payments made by another state agency

In her Answering Brief, plaintiff agrees that the only possible waiver of the State's Eleventh Amendment immunity would stem from the Division of Child Support Enforcement's ["DCSE"] payments to the Family Courts for services rendered during the relevant 1993-1994 period. (Answering Brief at 7-9)  Plaintiff contends that since these payments to the Family Court by another state agency DCSE[1] are made, in part, with funds from the federal Department of Health and Human Services under Title IV-D, then Family Court receives federal funds. Plaintiff's argument is flawed in two ways.

First, the receipt of "federal funding" is not a waiver of Eleventh Amendment immunity under Section 504 of the Rehabilitation Act.  While the generic use of the term 'federal funds' is frequently used when discussing waiver, it is the receipt of only "federal financial assistance" which the Third Circuit held waives a state's immunity.  *Koslow v. Commonwealth of Pennsylvania*, 302 F.3rd 161, 172 (3rd Cir. 2002) In *Koslow,* the Court of Appeals found that the Commonwealth's application and acceptance of a grant to alleviate state costs

---

[1] DSCE is the sole agency designed under Delaware law to receive and administer funds under the Social Security Act Title IV-D.   13 *Del.C*. ch.22.

4

incurred by illegal aliens triggered a waiver of the state's immunity. *Id.* at 167. In fact, the title of the codified provision of Section 504, states: "Nondiscrimination under Federal Grants and Programs." 29 U.S.C. § 794. The record is undisputed that Family Court did not receive any federal grants from a federal agency during the relevant period unlike the Commonwealth in *Koslow*. It is also undisputed that DCSE pays the Family Court after services are performed and that plaintiff's former position[2] was not paid by any funds received from DCSE. In *United States Department of Transportation v. Paralyzed Veterans of America,* 477 U.S. 597, 605 (1986), the Supreme Court distinguished between those that actually receive the federal assistance and parties that may benefit from federal financial assistance. It is only the actual recipient that is subject to the provisions of Section 504 in the nature of a contract. *Id.*

The second error in plaintiff's argument assumes that once funds of any nature pass through a federal instrumentality they are "federal funds." By this line of thinking all funds would be "federal funds" due to the federal government's role in printing and disturbing all currency.

Whether DCSE receipt of funds would be a waiver of DCSE's immunity under Section 504 is not before the Court. The Family Court billed that agency for services and was paid by DSCE. The Family Court is not a participant in the Title IV-D program and the fact that Family Court provides services to DSCE does not

---

[2] In *Koslow*, the federal grant funds had been commingled and could not be tracked unlike the present matter. *Id. at* 176.

make a waiver of the Family Court's immunity.  "Therefore, if a state accepts federal funds for a specific department or agency, it voluntarily waives sovereign immunity for Rehabilitation Act claims against the department or agency - but only against that department or agency." (citation omitted) *Koslow v. Pennsylvania,* 302 F.3rd 161, 171(3rd Cir. 2002)

### (b)     Alleged spoliation

Plaintiff for the first time raises the issue of spoliation.  The seminal authority in the Third Circuit on the issue of spoliation is *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326 (3d Cir. 1995), where the court stated:

> For the rule to apply, **it is essential that the evidence in question be within the party's control**. *Gumbs,* 718 F.2d at 96. **Further, it must appear that there has been an actual suppression or withholding of the evidence.** No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for. *See generally* 31A C.J.S. Evidence § 156(2); 29 Am.Jur.2d *Evidence* § 177 ("Such a presumption or inference arises, however, only when the spoliation or destruction [of evidence] was intentional, and indicates fraud and a desire to suppress the truth, and **it does not arise where the destruction was a matter of routine with no fraudulent intent**.").

72 F.3d 326, 334 (3d Cir. 1995)(emphasis added).  Defendant produced the available 1993-1994 financial records, without a request by plaintiff, prior to the February 28, 2005 Rule 30(b)(6) deposition of Karen Disch.  Attached to plaintiff's Answering Brief at 000861 is the Destruction Notice by the Public

6

Archives for fiscal years 1998 and 1999.  Also attached is the State Agency Retention Schedule that demonstrates that detailed accounting papers are destroyed after 5 years. (000864-000879)  Clearly, the records were destroyed in accordance with normal practices and plaintiff has not provided any indication of what evidence he needs or believes may be relevant.  Plaintiff has failed to allege any of the elements of spoliation under the law.

While plaintiff filed the complaint in 1996, the issue of detailed accounting records never arose until after plaintiff deposed defendant's Rule 30(b)(6) witness, Karen Disch, on February 28, 2005.  Defendant believes plaintiff is now attempting to raise this issue to cloud the fact that there is no evidence to support a waiver of the Family Court's Eleventh Amendment immunity.

## **CONCLUSION**

For the above reasons, defendant respectfully requests that the Court enter summary judgment that the Court lacks jurisdiction as there has been no waiver of Family Court's Eleventh Amendment immunity.

                         Respectfully submitted,

                         STATE OF DELAWARE
                         DEPARTMENT OF JUSTICE

                         /s/ Marc P. Niedzielski
                         Marc P. Niedzielski (#2616)
                         Ilona M. Kirshon (#3705)
                         Deputy Attorneys General
                         820 N. French Street, 6th Floor
                         Wilmington, DE 19801
                         (302) 577-8324
                         Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on April 11, 2005, I electronically filed Defendant's Reply Brief for Summary Judgment for a Lack of Jurisdiction to the following:

Edward M. McNally, Esquire
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899
emcnally@morrisjames.com

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
marc.niedzielski@state.de.us