## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ELBERTA BERNICE LIEBERMAN,    )
                              )
          Plaintiff,       )
                              )
         v.             )     C.A. No. 96-523-GMS
                              )
THE STATE OF DELAWARE,      )
THE FAMILY COURT OF THE    )
STATE OF DELAWARE        )
                              )
          Defendant.     )

## DEFENDANT'S OPENING BRIEF FOR SUMMARY JUDGMENT

## ON THE SUBSTANTIVE ISSUES

Marc P. Niedzielski (#2616)
Ilona M. Kirshon (#3705)
Deputy Attorneys General
Department of Justice, 6th Floor
820 N. French Street
Wilmington, DE 19801
(302) 577-8324
Attorneys for Defendant

DATED: June 15, 2005

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... 3

STATEMENT ON NATURE AND STAGE OF PROCEEDINGS ........................ 4

SUMMARY OF ARGUMENT .............................................................................. 5

STATEMENT OF THE FACTS ............................................................................ 6

## ARGUMENT I.

PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE
UNDER HER REMAINING SECTION 504 CLAIM AS SHE IS
NOT A QUALIFIED PERSON WITH A DISABILITY NOR
HAS SHE SUFFERED AN ADVERSE EMPLOYMENT ACTION ................... 9

## ARGUMENT II.

PLAINTIFF SHOULD BE BARRED FROM PURSUING A CLAIM
UNDER SECTION 504 WHERE SHE HAS PREVIOSLY SOUGHT
AND RECEVIED TWO TOTAL DISABILITY PENSIONS .............................. 13

## ARGUMENT III.

PLAINTIFF'S CLAIMS UNDER SECTION 504 ARE TIME BARRED
UNDER THE BORROWED STATE STATUTE OF LIMITATION .................. 17

CONCLUSION ..................................................................................... 18

## **TABLE OF AUTHORITIES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .............................................. 9

*Carr v. Town of Dewey Beach,* 730 F.Supp. 591 (D.Del. 1990) ............................ 17

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .......................................................... 9

*Gaul v. A.T. & T. Inc.,* 955 F.Supp. 346 (D.N.J. 1997) .......................................... 10

*Hampton v. Borough of Tinton Falls Police Dept.*,
98 F.3d 107 (3d Cir. 1996) ....................................................................................... 10

*Johnson v. Cullen*, 925 F.Supp. 244 (D.Del. 1996) ................................................ 17

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ............. 10

*Montrose Medical Group v. Bulger*, 243 F.3d 773 (3rd Cir. 2001) .................. 13,16

*Napier v. Thirty or More Unidentified Federal Agents,*
855 F.2d 1080 (3rd Cir. 1988) ............................................................................... 17

*Oneida Motor Freight v. United Jersey Bank*,
848 F.2d 414 (3rd Cir. 1988) ................................................................................. 16

*Saylor v. Ridge*, 989 F.Supp. 680 (E.D.Pa 1998) ................................................... 17

*Shiring v. Runyon*, 90 F.3[rd] 827 (3rd Cir. 1996) ..................................................... 10

*Swierkowski v. Consolidated Rail Corp.,* 168 F.Supp.2d 389(E.D.Pa 2001) ........ 17

## **Other Authorities**

10 *Del.C.* § 8119 ....................................................................................................... 17

Fed. R. Civ. P. 56(c) ................................................................................................... 9

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

On October 31, 1996, the Court entered an order permitting the filing of the complaint and plaintiff to proceed *in forma pauperis*. On January 3, 1997, defendant answered the complaint by denying all wrongdoing and asserted a number of defenses.

On February 22, 2001, the Court entered an order that recognized Mr. McNally's representation of the plaintiff.

On May 15, 2001, the parties stipulated to: amendment of the complaint, preservation of defenses and the defendant's response in 30 days. Within thirty days the defendant moved to dismiss on grounds of Eleventh Amendment immunity and that the district court lacked original jurisdiction under Art. III, § 2, cl. 2.

On August 30, 2001, this Court granted the motion to dismiss as to the ADA claims, but denied the motion as to the Rehabilitation Act and original jurisdiction.

On September 12, 2001, defendant filed its notice of appeal.

On July 14, 2003, the Court of Appeals for the Third Circuit affirmed this court's August 30, 2001 decision.

Following the appeal the Court established a scheduling order and the parties have engaged in discovery. In accordance with the Scheduling Order, as amended, defendant now moves for summary judgment on issues other than jurisdiction[1] and this is its Opening Brief.

---

[1] In accordance with the Court's Amended Scheduling Order, defendant moved for summary judgment on the jurisdictional issue of whether Family Court received federal grants on March 21, 2005.

## SUMMARY OF THE ARGUMENT

### I.

The undisputed record reveals that plaintiff cannot make out a prima facie case as she in not a qualified person with a disability and she has not suffered an adverse employment action.

### II.

Plaintiff litigation position is patently inconsistent with her application and receipt of two total disability pensions, one from the Social Security Administration and one from defendant State of Delaware, and she should be estopped from pursing the present claim.

### III.

The plaintiff's claims under Section 504 are time barred under the borrowed State statute of limitation.

## STATEMENT OF THE FACTS

Plaintiff testified that she was employed by the Family Court of the State of Delaware from February 16, 1974 until November 1994. ( Lieberman Tr[2]. At 8) In her deposition, plaintiff testified that she has suffered with mental illness most her life and took disability leave for that condition in 1981 and 1986-87 (Tr. at 18). Plaintiff also took disability leave for another medical condition in 1988. (Tr. at 25-26) Following her disability leave, she returned to her employment with the Family Court. In 1993, plaintiff was approached by her supervisor regarding completion of her work and tardiness.

On October 28, 1994, plaintiff was advised that she was being suspended with pay and that a hearing was scheduled for her possible termination. Prior to the imposition of any employment action, plaintiff took disability leave and applied for State and Social Security disability pensions. She was awarded both disability pensions and testified that up to the present time she is unable to work at all. (Tr. at 29)

      ***
Q.  Let me see if we can clarify that.
When was the last day that you worked at
the Family Court as a mediator?

(page 30)

A.  October 28th of 1994.

Q.  Now, on that day or thereafter, on the day
after that were you capable of going back to work?

---

[2]  A copy of plaintiff's deposition transcript is electronically attached to this brief

A.   The day after that?  No.

Q.   When is the first day that you would be capable
     of going back to work?

A.   I'm still not capable of going back to work.

       ***

On page 31, plaintiff testified that:

       ***

Q.   You put in for a disability pension, correct?

A.   Yes.

Q.   And did you get it?

A.   Yes.

Q.   Did you put in for a disability pension with
     Social Security Administration?

A.   Yes.

Q.   Did doctors offer evidence in support of your
     getting a disability in both of those, Social Security
     and --

A.   Yes.

Q.   Did the doctors say on your behalf that you
     were incapable of working?

A.   At that time, yes.

Q.   Is that still true today or has that changed
     from --

A.   Yes.

       ***

On Page 32 of her deposition, plaintiff testified that she has never sought part-time or full time employment.

On October 31, 1996, the Court granted plaintiff IFP status and commenced this suit.

## ARGUMENT I.

PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE UNDER HER
REMAINING SECTION 504 CLAIM AS SHE IS NOT A QUALIFIED PERSON
WITH A DISABILITY NOR HAS SHE SUFFERED AN ADVERSE
EMPLOYMENT ACTION.

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is one that "may reasonably be resolved in favor of either Party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 259 (1986). The moving party bears the initial burden of demonstrating the absence of material issues of fact. *Celotex Corp.*, at 323. However, the moving party need not support its motion with affidavits or other documents disproving the nonmoving party's claim, but need only "show - - that is point out to the district court - - that there is an absence of evidence to support the nonmoving party's case." *Id.*, at 325. The nonmoving party must go beyond the pleadings and through affidavits or other evidence demonstrate the existence of a genuine issue of material fact. *Id.*, at 314. The district court is required to construe the evidentiary record so as to give the nonmoving party

reasonable factual inferences. *Hampton v. Borough of Tinton Falls Police Dept.*, 98 F.3d 107, 112 (3d Cir. 1996). Summary judgment should be granted if the court finds, in consideration of all of the evidence, that no reasonable trier of fact could find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

In order for the plaintiff to make out a prima facie case under the Rehabilitation Act, she must demonstrate: (1) that she has a disability, (2) that she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations; and (3) that was nevertheless terminated or otherwise prevented from taking the job. *Shiring v. Runyon*, 90 F.3rd 827, 831 (3rd Cir. 1996)  Plaintiff testified that she is not capable of working and has not been able to work at all since October 28, 1994.  While it is undisputed that plaintiff has a number of medical disorders, there is no evidence that she is disabled under the terms of Section 504. *Gaul v. A.T. & T. Inc.,* 955 F.Supp. 346, 350 (D.N.J. 1997). To the contrary, plaintiff's application and receipt of two full disability pensions conclusively demonstrate that she **cannot** establish the second element of being otherwise qualified to perform the essential tasks of her prior position as a mediation officer.

Plaintiff's testimony also establishes that she cannot establish the third element as she has not suffered any adverse employment action.  Plaintiff testified she was suspended with pay until the hearing in the future which never took place.

On page 64:

```
                    ***

        Q.   I want to get back.  As I understand what
             you're describing -- and if I'm not describing it
             accurately, please let me know -- on the 28th you were
             given a letter or a document which said that they
             intended to discipline you by terminating you,
             correct?

        A.   Yes.

        Q.   And they suspended you in the interim with pay?

        A.   Yes.

                    ***
```

On page 67:

```
                    ***

        Q.   Did that happen?  Were you placed on temporary
             disability?

        A.   Yes.  And maybe Dr. Bauchwitz called Family
             Court, but I don't think she asked for an extension of
             the date of the hearing.

        Q.   In any event, there never was a hearing to
             terminate you, correct?

        A.   That's correct.

        Q.   And you were never terminated?

        A.   That's correct.

        Q.   Instead, you went from temporary disability to
             permanent disability?

        A.   Yes.

        Q.   When was your permanent disability granted?  Do
             you recall that?

        A.   The effective date?

        Q.   Yes.

        A.   February 1st of '95.

        Q.   And are you presently still on that disability?

        A.   Disability, yes.
```

\*\*\*

Accordingly, the State is entitled to summary judgment on the plaintiff's remaining Section 504 claim[3] as she was not qualified person with a disability and has not suffered an adverse employment action.

---

[3] The Court has previously dismissed plaintiff's other claims in the amended complaint by Memorandum and Order of August 30, 2001. (D.I. 48)

### ARGUMENT II.

PLAINTIFF SHOULD BE BARRED FROM PURSUING A CLAIM UNDER
SECTION 504 WHERE SHE HAS PREVIOSLY SOUGHT AND RECEVIED
TWO TOTAL DISABILITY PENSIONS.

In the alternative, plaintiff is barred by the doctrine of estoppel from
seeking to recover under Section 504 for employment discrimination, where she
has prosecuted and received two pensions based on the fact that she is medically
incapable of employment. *See Montrose Medical Group v. Bulger*, 243 F.3d 773
(3rd Cir. 2001). Judicial estoppel seeks to protect the integrity of the Court where a
litigant is taking a present position that is inconsistent with her position before an
agency or court. As set out in the facts and the prior argument, plaintiff applied
for and received two pensions for total disability: One pension from the State of
Delaware, who is the present defendant, and another pension from the Social
Security Administration. Both of which plaintiff testified were effective since
October 28, 1994, her last day of employment with the Family Court.

Starting at page 67, line 12, plaintiff testified as follows:

```
Q.   Instead, you went from temporary disability to
     permanent disability?

A.   Yes.

Q.   When was your permanent disability granted?  Do
     you recall that?

A.   The effective date?

Q.   Yes.

A.   February 1st of '95.
```

Q.   And are you presently still on that disability?

A.   Disability, yes.

Q.   Did you also apply for Social Security?

     disability?

A.   I'm sorry.  I'm trying to remember.  That's the

(Page 68)

     disability.  That's the SS -- no.  I'm wrong.

     That's the date of my disability, that's

     right, in the State of Delaware.  And I applied for

     Social Security disability and the effective date I

     think was in May.  I mean, it went back to October

     28th, but you had to go a long period of time with no

     income.

Q.   Okay.  And in both cases was it the same doctor

     that provided documentation to the fact that you were

     disabled?

A.   Yes.

Q.   In both cases.  Do you recall what he indicated?

     to those individuals, both Social Security and the

     pension office?

A.   I don't remember what he said to Social

     Security.  You had obtained those records and sent

     them.  I have not made the time to fully read his

     report to them.

     I did read the one to the State of

     Delaware.  It was shorter.

Q.   And he indicated, did he not, just generally,

     that, in fact, you were too ill because of your

14

psychiatric conditions to work?  Is that a fair?

statement?
(page 69)

A.   Yes.  Yes.

Q.   Now, after you were awarded both the disability

pension and disability from SSI, do they have a review

process?

A.   Yes.

Q.   And when is that usually?  Do you know?

A.   For a while I believe it was for four or five

years the State of Delaware did a review each year or

asked for a review each year.

Q.   And would you pick the doctor?  I mean, would

you go to your regular doctor for that?

A.   The one that I was with at the time.  I left

Dr. Stehle at the end of -- I forget the specific

dates.  I was with him two-and-a-half years, I think.

It would go to another, whoever was my psychiatrist.

Q.   Whenever that period of time was, did he,

again, tell the authorities, both the pension office

and the Social Security Administration that you were

still too ill to work?

A.   Yes.  He or she.

According to plaintiff's own testimony, she applied for and received two pensions

for total employment disability and was subsequently reviewed again for a

continuation of those pensions that she received prior to commencing this lawsuit

for disability discrimination.  Plaintiff's litigation position for employment

discrimination is plainly inconsistent with the position she took before agencies that she is incapable of working.  Since the issue of plaintiff's being a qualified person with a disability is an essential element of her prima facie case under Section 504, it is appropriate to grant defendant judgment on estoppal grounds. *Montrose Medical Group, supra*,  243 F.3d at 779. [Summary judgment is appropriate when operation of judicial estoppel renders a litigant unable to state a prima facie case.]  Additionally, plaintiff's application and receipt of a State of Delaware total disability pension is inconsistent with her present claim against it and should be barred by the doctrine of equitable estoppel.  *See Oneida Motor Freight v. United Jersey Bank*, 848 F.2d 414, 417 (3rd Cir. 1988)

## ARGUMENT III.

PLAINTIFF'S CLAIMS UNDER SECTION 504 ARE TIME BARRED UNDER
THE BORROWED STATE STATUTE OF LIMITATION.

In the alternative, plaintiff's claims that are alleged to have arisen prior to
October 30, 1994, are time barred, as it is undisputed that plaintiff commenced this
lawsuit on October 31, 1996. (D.I. 1)

Plaintiff's remaining claims are under Section 504 of the Rehabilitation Act
which does not contain a statute of limitations. *Swierkowski v. Consolidated Rail
Corp.,* 168 F.Supp.2d 389, 393 (E.D.Pa 2001); *Saylor v. Ridge*, 989 F.Supp. 680,
685 (E.D.Pa 1998). Accordingly, the Court must borrow the analogous state
statute of limitation.  *Napier v. Thirty or More Unidentified Federal Agents,*855
F.2d 1080, 1087 (3rd Cir. 1988); *Swierkowski, supra* 168 F.Supp.2 at 393.  The
most analogous Delaware statute of limitation is 10 *Del.C.* § 8119 which limits
action for personal injury to two years from "the date upon which it is claimed that
such alleged injuries were sustained …" *Id.*  S*ee, Carr v. Town of Dewey Beach,*
730 F.Supp. 591 (D.Del. 1990)[Section 1983 claim]; *Johnson v. Cullen*, 925
F.Supp. 244 (D.Del. 1996)[Section 1983 claim]; *Swierkowski, supra* 168 F.Supp.2
at 394 [Rehabilitation Act claim].

Accordingly, since plaintiff does not allege any wrongful conduct after
October 28, 1994 (her last day of employment), all of her claims are untimely and
defendant is entitled to judgment.

## <u>CONCLUSION</u>

For the above reasons, defendant respectfully requests that the Court enter summary judgment in its favor.


Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

<u>/s/ Marc  P. Niedzielski</u>
Marc P. Niedzielski (#2616)
Ilona M. Kirshon (#3705)
Deputy Attorneys General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8324
 Attorneys for Defendant

18

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 15, 2005, I served electronically a copy of attached document Defendant's Opening Brief in Support of Summary Judgment on Substantive Issues on the following:


Edward M. McNally, Esquire
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899



<u>/s/ Marc P. Niedzielski</u>
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 N. French Street, 6th Floor
 Wilmington, DE 19801

19