## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELBERTA BERNICE LIEBERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 96-523-GMS |
| | ) | |
| THE STATE OF DELAWARE, | ) | |
| THE FAMILY COURT OF THE | ) | |
| STATE OF DELAWARE | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY BRIEF FOR SUMMARY JUDGMENT

## ON THE SUBSTANTIVE ISSUES

Marc P. Niedzielski (#2616)
Ilona M. Kirshon (#3705)
Deputy Attorneys General
Department of Justice, 6th Floor
820 N. French Street
Wilmington, DE 19801
(302) 577-8324
Attorneys for Defendant

DATED: July 29, 2005

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** .................................................................................. 2


**ARGUMENT I.**

PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE
UNDER HER REMAINING SECTION 504 CLAIM AS SHE IS
NOT A QUALIFIED PERSON WITH A DISABILITY NOR
HAS SHE SUFFERED AN ADVERSE EMPLOYMENT ACTION ..................... 4


**ARGUMENT II.**

PLAINTIFF SHOULD BE BARRED FROM PURSUING A CLAIM
UNDER SECTION 504 WHERE SHE HAS PREVIOUSLY SOUGHT
AND RECEVIED TWO TOTAL DISABILITY PENSIONS ................................ 8

**ARGUMENT III.**

PLAINTIFF'S CLAIMS UNDER SECTION 504 ARE TIME BARRED
UNDER THE BORROWED STATE STATUTE OF LIMITATION .................... 9


CONCLUSION ............................................................................................. 10

## **TABLE OF AUTHORITIES**

*Cleveland v. Policy Management Systems Corporation,* 526 U.S. 795 (1999)...............8, 9

*Mears v. Gulfstream Aerospace Corp.*, 905 F.Supp. 1075 (S.D. Ga. 1995),
*aff'd* 87 F.3d 1331, (11th Cir. 1996).............................................................................6, 7

*Shiring v. Runyon*, 90 F.3d 827 (3rd Cir. 1996)...................................................................4

*Toyota Motor Mfg., Inc. v. Williams,* 534 U.S. 184 (2002) .................................................4

*Williams v. Philadelphia Housing Authority Police Department,*
380 F.3d 751 (3rd Cir. 2004) ..............................................................................................6

## **Other Authorities**

Section 504 of the Rehabilitation Act........................................................................ Passim

## ARGUMENT I.
PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE UNDER HER REMAINING SECTION 504 CLAIM AS SHE IS NOT A QUALIFIED PERSON WITH A DISABILITY NOR HAS SHE SUFFERED AN ADVERSE EMPLOYMENT ACTION.

In the Family Court's Opening Brief, it was established that the plaintiff is required to establish three elements to make out a Section 504 claim. She must demonstrate: (1) that she has a disability, (2) that she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations; and (3) that was nevertheless terminated or otherwise prevented from taking the job. *Shiring v. Runyon*, 90 F.3d 827, 831 (3rd Cir. 1996).

In her Answering Brief, plaintiff makes no effort to set from the record her required burden. This case is now beyond the pleading stage and plaintiff is required to set out a prima facie case or the defendant Family Court is entitled to judgment as a matter of law. She has failed sustain her burden and defendant is entitled to judgment.

The first element plaintiff must establish is that she is disabled. In this regard she has not presented any evidence that she is disabled. While she claims a number of medical diagnoses, that does not demonstrate that she is disabled under the statute. The Supreme Court held that a claimant under the direct parallel of the ADA, must initially prove that she has a physical or mental impairment and that such an impairment substantially limits a major life activity. *Toyota Motor Mfg., Inc. v. Williams,* 534 U.S. 184, 194-195 (2002). In the instant matter, plaintiff

does not even attempt such a showing. The plaintiff has not presented any competent medical evidence that she is disabled.

The second element is that she is otherwise qualified to perform the job with or without accommodation. By her own testimony she is unqualified as she is totally disabled with or without accommodation as of October 28, 1994. She testified at her November 8, 2004 deposition as follows (transcript attached to Opening Brief):

>     \*\*\*
> Q. Let me see if we can clarify that.
>    When was the last day that you worked at
>    the Family Court as a mediator?
>
> (page 30)
>
> A. October 28th of 1994.
>
> Q. Now, on that day or thereafter, on the day
>     after that were you capable of going back to work?
>
> A. The day after that? No.
>
> Q. When is the first day that you would be capable
>     of going back to work?
>
> A. I'm still not capable of going back to work.
>     \*\*\*

The third element plaintiff must establish is an adverse action related solely to her being disabled. Plaintiff **does not** identify the discipline notice of October 28, 1994. The reason is clear that the proposed discipline of October 28, 1994, is unrelated to any of her physical or mental diagnoses and plaintiff was free

to attend the hearing and offer all the reasons she offers now. Instead, plaintiff asserts that the adverse employment action was not making reasonable accommodations at in January 1994 for which she claims she complained to her supervisor in August 1994[1]. In support to this novel contention, plaintiff cites to *Williams v. Philadelphia Housing Authority Police Department,* 380 F.3d 751, 761 (3rd Cir. 2004). In *Williams,* the Court of Appeals did opine that adverse employment actions could be refusing to make reasonable accommodations[2] **to a disabled employee within the meaning of the ADA.** *Id.* at 761   In fact, the *Williams* Court recounted the medical evidence regarding the plaintiff and how it impacted his major life activities. *Id.* at 762 -766.  Presently, the record is devoid of any competent medical evidence that plaintiff is disabled within the meaning of Section 504.

If plaintiff's claim is that her mental condition was made worse by Family Court's inaction, that is not an act of discrimination under Section 504. Instead her remedy would be under Delaware's worker compensation laws. *Mears v.*

---

[1]  In argument III, defendant set out why any act prior to October 21, 1994 is time barred.
[2]  The plaintiff deposition of June10, 2005 is replete with the efforts the Family Court took to help her. When plaintiff claimed that she needed to come in late, her mediation schedule was adjusted from 8:30 a.m. to 8:45 a.m. (P. 56). Plaintiff was also allowed to leave regularly at 4:00 p.m. before the work day was over to see her doctor (P. 59) She was given special computer training (P. 37) She was allowed to miss days and move work hours (P. 36-37). Family Court gave her color-coded folders for her benefit.(P. 34) When she complained of headaches from noise, a noise buffering system was recommended and approved—an accommodation that she declined.(P. 34). Family Court allowed plaintiff to use flex time to make up for the hours she was missing. (P. 37)

*Gulfstream Aerospace Corp.*, 905 F.Supp. 1075 (S.D. Ga. 1995), *aff'd* 87 F.3d 1331, (11th Cir. 1996) (granting summary judgment in favor of employer, in part, because when an employer causes an employee's disability, it is a worker compensation claim, not an ADA claim). If it was subject to a Section 504 claim, plaintiff has not presented any medical evidence to support such a claim.

The Family Court is entitled to judgment in its favor.

## **ARGUMENT II.**

PLAINTIFF SHOULD BE BARRED FROM PURSUING A CLAIM UNDER SECTION 504 WHERE SHE HAS PREVIOUSLY SOUGHT AND RECEVIED TWO TOTAL DISABILITY PENSIONS.

In the Opening Brief, it was demonstrated that plaintiff sought and received two disability pensions from the Social Security Administration and the State of Delaware prior to commencing this action. Defendant requests that plaintiff being judicially estopped in the present matter since she was receiving both disability pensions prior to her present suit and where by her own admission she is incapable of working at all.

Plaintiff correctly answers that the Supreme Court's decision in *Cleveland v. Policy Management Systems Corporation,* 526 U.S. 795 (1999) holds that a plaintiff may pursue a disability discrimination claim while seeking benefits under the SSDI program. However, the Court also requires that such a plaintiff must offer a sufficient explanation of the obvious inconsistency. Plaintiff's explanation is: "She is now disabled because the State violated her rights to reasonable accommodation, drove her from her job and thereby made her unable to work." (Plaintiff's Answering Brief, State of Facts, page 8). The problem with plaintiff's explanation is that there is no evidence in the record to support any of it. There is no evidence she is disabled within the meaning of Section 504. There is no evidence of what reasonable accommodations would be required if she were disabled. She was not driven from her job of more than twenty years. Instead, she

requested and received a disability pension from the State. As part of her application for a State disability pension, her physician certified that no alternate employment was possible with her limitations, which is unlike a SSDI determination in that it considers information on the issue of accommodations. (top of second page "Alternate Employment Possible with the above limitation Yes ( )  No(x)", attached as exhibit)

Unlike the plaintiff in *Cleveland*, the present plaintiff testified that since October 28, 1994, she is and continues to be unable to work at any job. That was the situation prior to her filing the present lawsuit. As the Court stated:

> To defeat summary judgment, that explanation must be sufficient to warrant a reasonable juror's concluding that assuming the truth of, or the plaintiff's good faith belief in, the earlier statement, the plaintiff could nevertheless 'perform the essential functions of her job, with or without 'reasonable accommodations.' *Id.* at 807.

Plaintiff does not contend that she can now work with or without accommodations and therefore *Cleveland* does not help her explain her clear inconsistency between her claims of total disability before the SSA and the State Pension Office and this lawsuit.

Plaintiff should be estopped from continuing with her present claim.

## ARGUMENT III.

PLAINTIFF'S CLAIMS UNDER SECTION 504 ARE TIME BARRED UNDER THE BORROWED STATE STATUTE OF LIMITATION.

Plaintiff concedes that there is two year statute of limitation period for her Section 504 claim. While the complaint was filed on October 31, 1996, plaintiff correctly contends that she is entitled to an actual filing date of October 22, 1996, due to pending request to proceed *in forma pauperis*. Defendant agrees that the complaint should be considered filed on October 22, 1996.

Accordingly, any claims based on acts prior to October 21, 1994 are time-barred. Plaintiff now claims in her Answering Brief that defendant's failure to accommodate her occurred in January 1994 and she complained about that alleged failure to her supervisor in August 1994. (Plaintiff's Answering Brief, State of Facts, page 6; page 10). Since those acts are prior to October 21, 1994, the matter is time-barred and defendant is entitled to judgment.

## CONCLUSION

For the above reasons, defendant the Family Court of the State of Delaware is entitled to judgment in its favor.

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Ilona M. Kirshon (#3705)
Deputy Attorneys General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8324
 Attorneys for Defendant

- 12 -

## CERTIFICATE OF SERVICE

I certify that on July 29, 2005, I electronically served a copy of attached document Defendant's Reply Brief in Support of Summary Judgment on Substantive Issues on the following:

Edward M. McNally, Esquire
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801