IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELBERTA BERNICE LIEBERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 96-523-SLR |
| ) | |
| THE STATE OF DELAWARE, ) | |
| THE FAMILY COURT OF THE ) | |
| STATE OF DELAWARE ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF ELBERTA BERNICE LIEBERMAN'S MOTION
FOR LEAVE TO AMEND THE SCHEDULING ORDER**

Plaintiff Elberta Bernice Lieberman ("Lieberman") submits this Motion to Amend the Scheduling Order (the "Motion"), and in support thereof says:

1. Under the existing Amended Scheduling Order (the "Order") Lieberman was to serve expert reports on or before March 31, 2005. Accordingly, she seeks an amendment to the Order to permit her to rely upon two expert reports that she recently served on Defendants, The State of Delaware, The Family Court of the State of Delaware (together the "State").

**Background Facts**

2. In this action, the Court appointed counsel for Lieberman on May 17, 2000. Thereafter, the State filed its first motion to dismiss the amended complaint on May 23, 2001. The Court denied that motion as to Lieberman's Rehabilitation Act claim and the State appealed that decision. That appeal was not concluded until July 14, 2003. Elberta Bernice Lieberman v. State of Delaware, No. 01-3540 (3rd Cir. July 14, 2003).

3. Fact discovery then commenced. In November, 2004 the State moved for summary judgment. When a factual dispute as to the State's receipt of federal funding arose, the parties requested additional time to take discovery as to that issue and the pretrial schedule was extended.

4. Subsequently, the State has again filed motions for summary judgment, the parties have briefed those motions by late July, 2005 and they are before the Court for its consideration.

5. Lieberman is proceeding as an indigent. During the past year her counsel has searched for experts to consult with concerning her claims, a process that has taken much longer than anticipated. There are several reasons for this delay. First, experts in Rehabilitation Act cases are few in number, given the complexity of those cases and the inability of many Rehabilitation Act claimants to pay for expert testimony when they have lost their jobs and are disabled in some way. Lieberman's counsel contacted numerous potential sources for such witnesses without success.

6. Second, for an expert witness to be able to determine if testimony for Lieberman was appropriate, it was necessary to gather numerous medical records of Lieberman over a long period of time before her leaving the employment of the State in October, 1994. This was a protracted process because of the age of the records and the number of healthcare providers and involved some cases having to issue subpoenas.

7. Third, on occasion, Lieberman was ill and not able to fully assist her counsel in describing her medical conditions in 1994 and the other facts surrounding her claims. That too caused some delay.

8. In the Summer of 2005, counsel for Lieberman was finally able to locate

two potential expert witnesses for Lieberman. Developing their reports took considerable time, given the numerous documents they needed to review and the extensive process of interviewing Lieberman. Further, counsel was only able to retain these experts by having his firm advance the significant funds required.

9. The two expert reports are attached as Exhibits A and B to this motion to establish the extent of the work required of them before those reports were issued.

### Basis For Relief

10. It is well established that the interests of justice must prevail over the possibility of winning or losing a case due to problems obtaining witnesses. *E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 116 (5th Cir. 1993) ("w]e have emphasized that continuance, not exclusion, is the preferred means of dealing with a party's attempt to designate a witness out of order or offer new evidence"); see *also Dempsey v. Mac Towing*, 876 F.2d 1538, 1541 (11th Cir. 1989) (approving District Court's grant of continuance on day of trial to allow plaintiff to retain expert to present evidence of future lost wages where it had previously granted defendant's motion *in limine* to exclude such evidence absent expert testimony).

11. The expert reports establish that Lieberman has a *prima facie* Rehabilitation Act claim that should be tried on its merits. She and her counsel have so far prevailed on a motion to dismiss and an appeal of this Court's decision in her favor, briefed two motions for summary judgment, and have expended significant funds to get this case to this point.

For the foregoing reasons, Plaintiff's Motion for Leave to Amend the Scheduling Order should be granted.

                MORRIS, JAMES, HITCHENS & WILLIAMS LLP

                _____
                Edward M. McNally (#614)
                222 Delaware Avenue, 10th Floor
                Wilmington, Delaware 19801
                (302) 888-6800
                emcnally@morrisjames.com
                Attorneys for Plaintiff

Dated: December 12, 2005

## LOCAL RULE 7.1.1 and 16.5 CERTIFICATION

I hereby certify under Local Rule 7.1.1 that I have made a reasonable effort to reach agreement with opposing counsel on this motion, but have not been able to do so as counsel is out-of-town and further delay in presenting the motion is not appropriate. I also certify under Local Rule 16.5 that a copy of this request for an extension has been sent to my client.

            MORRIS, JAMES, HITCHENS & WILLIAMS LLP

            */s/ Edward M. McNally*
            Edward M. McNally (#614)
            222 Delaware Avenue, 10th Floor
            Wilmington, Delaware 19801
            (302) 888-6800
            emcnally@morrisjames.com
            Attorneys for Plaintiff

Dated: December 12, 2005

1318699/1