**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

ELBERTA BERNICE LIEBERMAN, )
)
Plaintiff, )
)
v. ) C.A. No. 96-523-GMS
)
THE STATE OF DELAWARE, )
THE FAMILY COURT OF THE )
STATE OF DELAWARE )
)
Defendant. )

# DEFENDANT'S ANSWERING BRIEF

# IN OPPOSITION

# TO PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER

Marc P. Niedzielski (#2616)
Ilona M. Kirshon (#3705)
Deputy Attorneys General
Department of Justice, 6th Floor
820 N. French Street
Wilmington, DE 19801
(302) 577-8324
Attorneys for Defendant

DATED: December 22, 2005

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................ 3

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS ........................ 4

SUMMARY OF ARGUMENT ........................................ 6

STATEMENT OF THE FACTS ........................................ 7

**ARGUMENT I.**

PLAINTIFF CAN NOT BE PERMITTED TO AMEND THE SCHEDULING ORDER AS SHE HAS NOT COMPLIED WITH LOCAL RULE 16.5 AND THE COURT HAS ALREADY RESCHEDULED THIS MATTER FOR PLAINTIFF TO OBTAIN EXPERT WITNESSES ................. 9

**ARGUMENT II.**

PLAINTIFF'S MOTION TO EXTEND THE DEADLINE AFTER DEFENDANT HAS MOVED AND FULLY BRIEFED A MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED DUE TO PREJUDICE ........................................ 10

CONCLUSION ........................................ 12

## TABLE OF AUTHORITIES

*Lorenzo v. Griffith*, 12 F.3d 23 (3rd Cir. 1993) .................................................... 11

*United States v. Eleven Vehicles,* 200 F.3d 203 (3rd Cir. 2000) ............................ 11

## Other Authorities

Local Rule 16.5....................................................................................Passim

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

On October 31, 1996, the Court entered an order permitting the filing of the complaint and plaintiff to proceed *in forma pauperis*. On January 3, 1997, defendant answered the complaint by denying all wrongdoing and asserted a number of defenses.

On February 22, 2001, the Court entered an order that recognized Mr. McNally's representation of the plaintiff.

On May 15, 2001, the parties stipulated to: amendment of the complaint, preservation of defenses and the defendant's response in 30 days. Within thirty days the defendant moved to dismiss on grounds of Eleventh Amendment immunity and that the district court lacked original jurisdiction under Art. III, § 2, cl. 2.

On August 30, 2001, this Court granted the motion to dismiss as to the ADA claims, but denied the motion as to the Rehabilitation Act and original jurisdiction.

On September 12, 2001, defendant filed its notice of appeal.

On July 14, 2003, the Court of Appeals for the Third Circuit affirmed this court's August 30, 2001 decision.

Following the appeal the Court established a scheduling order which was amended on February 9, 2005 and the parties engaged in discovery. The prior Scheduling Order was amended in part for plaintiff to obtain expert witnesses. In accordance with the Amended Scheduling Order, defendant moved for summary judgment on issues other than jurisdiction[1] and briefing was complete on July 29, 2005. (D.I. 92)

---

[1] In accordance with the Court's Amended Scheduling Order, defendant moved for summary

On December 12, 2005, plaintiff moved the Court to extend the deadline for plaintiff to identify expert witnesses and to again amend the Scheduling Order.

This is defendant's Answering Brief opposing plaintiff's motion to once again extend the deadlines and to amend the Amended Scheduling Order.

---

judgment on the jurisdictional issue of whether Family Court received federal grants on March 21, 2005.

## SUMMARY OF THE ARGUMENT

### I.

Local Rule 16.5 requires that "[a] request for extension of deadlines for completion of discovery or postponement of trial shall be made by motion or stipulation **prior to the expiration of the date deadline…"** (emphasis added) Plaintiff concedes that the deadline for identification of experts was March 31, 2005, and she did not move prior to that date to amend or extend the deadline. Without complying with the Local Rule, plaintiff's motion should be denied.

### II.

Plaintiff's motion to extend deadlines and amend the Amended Scheduling Order should be denied as defendant relied on the lack of expert witnesses in its motion for summary judgment which is fully briefed and pending. It is prejudicial to allow plaintiff to cure a fatal failure of a prima facie case that she is required to prove by permitting her to now attempt to identify experts after defendant has in effect 'already laid its cards on the table' in moving for summary judgment.

## STATEMENT OF THE FACTS

Plaintiff testified that she was employed by the Family Court of the State of Delaware from February 16, 1974 until November 1994. (Lieberman Tr[2]. At 8) In her deposition, plaintiff testified that she has suffered with mental illness most of her life and took disability leave for that condition in 1981 and 1986-87 (Tr. at 18). Plaintiff also took disability leave for another medical condition in 1988. (Tr. at 25-26) Following her disability leave, she returned to her employment with the Family Court. In 1993, plaintiff was approached by her supervisor regarding completion of her work and tardiness.

On October 28, 1994, plaintiff was advised that she was being suspended with pay and that a hearing was scheduled for her possible termination. Prior to the imposition of any employment action, plaintiff took disability leave and applied for State and Social Security disability pensions. She was awarded both disability pensions and testified that up to the present time she is unable to work at all. (Tr. at 29)

On March 21, 2005, defendant moved for summary judgment on the jurisdictional issue in compliance with the Amended Scheduling Order. That matter is fully briefed and awaiting decision. (D.I. 78, 79, 80,& 82)

On June 15, 2005, defendant moved for summary judgment on the substantive issues in compliance with the Amended Scheduling Order. That

---

[2] A copy of plaintiff's deposition transcript is electronically attached to Defendant's Opening Brief for Summary Judgment on the Substantive Issues.

matter is fully briefed and awaiting decision. (D.I. 85, 86, 90, & 92)

On December 12, 2005, plaintiff moved to have the Court amend again the Amended Scheduling Order to permit her to identify expert witness that should have been identified by March 31, 2005.

The docket reflects that defendant consented to every request by plaintiff to extend deadlines up to this motion.

**ARGUMENT I.**

PLAINTIFF CAN NOT BE PERMITTED TO AMEND THE SCHEDULING ORDER AS SHE HAS NOT COMPLIED WITH LOCAL RULE 16.5 AND THE COURT HAS ALREADY RESCHEDULED THIS MATTER FOR PLAINTIFF TO OBTAIN EXPERT WITNESSES

Local Rule 16.5[3] requires that "[a] request for extension of deadlines for completion of discovery or postponement of trial shall be made by motion or stipulation **prior to the expiration of the date deadline…"** (emphasis added) Plaintiff concedes that the deadline of identification of experts was March 31, 2005, (D.I. 93, ¶ 1) and did not move prior to that date to amend or extend the deadline Moreover, this Court permitted amendment to the prior scheduling order in January 2005, and one of the reasons was for plaintiff to obtain witnesses. The deadlines in the Amended Scheduling Order were chosen by plaintiff. (D.I. 69, 70, 72, 73, & 74)

Since this matter was already rescheduled for plaintiff to obtain experts and plaintiff has not complied with Local Rule 16.5, plaintiff's motion should be denied.

---

[3] Implementation of paragraph 1(e) of the Civil Expense and Delay Reduction Plan of the United States District Court for the District of Delaware, effective December 23, 1991.

## ARGUMENT II.

PLAINTIFF'S MOTION TO EXTEND THE DEADLINE AFTER DEFENDANT HAS MOVED AND FULLY BRIEFED A MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED DUE TO PREJUDICE

In addition to failing to comply with Local Rule 16.5, permitting plaintiff to now attempt to identify experts seriously prejudices the defendant's rights. As set out in the statement of facts, defendants have moved for summary judgment in accordance with the deadlines in the Amended Scheduling Order. Those motions have both been fully briefed and are pending. One of the grounds presented for summary judgment was that plaintiff had not identified any expert testimony to support her obligation to set out a prima facie case. (D.I. 86, Defendant's Opening Brief, June 15, 2005 at page 10.)

Moreover, in its Reply Brief, defendant pointed out the following:

> The first element plaintiff must establish is that she is disabled. In this regard she has not presented any evidence that she is disabled. While she claims a number of medical diagnoses, that does not demonstrate that she is disabled under the statute. The Supreme Court held that a claimant under the direct parallel of the ADA, must initially prove that she has a physical or mental impairment and that such an impairment substantially limits a major life activity. *Toyota Motor Mfg., Inc. v. Williams,* 534 U.S. 184, 194-195 (2002). In the instant matter, plaintiff does not even attempt such a showing. The plaintiff has not presented any competent medical evidence that she is disabled. (D.I. 92,Defendant's Reply Brief, July 29, 2005 at 4-5)

Having demonstrated to plaintiff that she failed to establish a prima facie case on the record, plaintiff now attempts to change the record by identifying experts close to six months after defendant relied on that failure of evidence in its

motion for summary judgment. In fact, Plaintiff's Motion to Amend makes that very clear in paragraph 11. (D.I. 93)

The case law for this Circuit is "that a district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *United States v. Eleven Vehicles,* 200 F.3d 203, 215 (3rd Cir. 2000).

Based on the forgoing, there does not appear to be any sound rationale for departing from the requirements of Local Rule 16.5. The Rule simply requires that extensions and amendments be sought prior to the deadline and in this case plaintiff was previously granted extensions to obtain experts. The prejudice to the defendant is clear from its moving and briefing for summary judgment on the very same ground and silence from plaintiff on that issue in briefing.

It appears that paragraph 11 of Plaintiff's Motion to Amend the Scheduling Order concedes that based on the record when discovery closed on May 31, 2005, plaintiff did not have a prima facie case under Section 504 of the Rehabilitation Act and defendant is entitled to judgment in its favor. Motions for extensions of discovery do not stop a district court from granting a motion for summary judgment. *Lorenzo v. Griffith*, 12 F.3d 23, 27 (3rd Cir. 1993).

Plaintiff's motion to amend the deadlines should be denied and the Court should grant the pending summary judgment motions.

**CONCLUSION**

For the above reasons, defendant respectfully requests that the Court deny plaintiff's motion to amend the Amended Scheduling Order, and instead, grant the pending motions for summary judgment.

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Ilona M. Kirshon (#3705)
Deputy Attorneys General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8324
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that on December 22, 2005, I served electronically a copy of attached document Defendant's Answering Brief in Opposition to Plaintiff's Motion to Amend the Scheduling Order on the following:

Edward M. McNally, Esquire
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801