IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELBERTA BERNICE LIEBERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 96-523-GMS |
| | ) |
| THE STATE OF DELAWARE, | ) |
| THE FAMILY COURT OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF ELBERTA BERNICE LIEBERMAN'S
REPLY BRIEF IN SUPPORT OF ITS MOTION
FOR LEAVE TO AMEND THE SCHEDULING ORDER**

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Edward M. McNally (#614)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, Delaware 19899
Phone: (302) 888-6800
emcnally@morrisjames.com
Attorneys for Plaintiff Elberta Bernice Lieberman

December 30, 2005

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ii.

ARGUMENT........................................................................................................................1

I.    AN EXTENSION SHOULD BE GRANTED WHEN
THE STATE HAS NOT INCURRED ANY PREJUDICE
AND INSTEAD HAS CONTRIBUTED TO ANY DELAY ...................................1

    1.    Introduction..................................................................................................1

    2.    The State Contributed To Delay ................................................................1

    3.    The Delay Was For Good Cause ................................................................4

II.    AN EXTENSION MAY BE GRANTED IN THE
ABSENCE OF PREJUDICE TO THE OPPOSING PARTY ..................................5

    1.    Introduction..................................................................................................5

    2.    The State Never Really Argued Lieberman
Was Not Disabled ........................................................................................5

    3.    The State Has Not Been Unfairly Prejudiced ............................................5

    4.    Conclusion ...................................................................................................6

CONCLUSION......................................................................................................................7

# TABLE OF AUTHORITIES

Cases                                                                                                                    Page

*Harris v. City of Philadelphia,*
    47 F.3d 1311 (3rd Cir. 1995) ...................................................................................4

*LaFlamme v. Carpenters Local No. 370 Pension Plan,*
    220 F.R.D. 181 (N.D.N.Y. 2003), *aff'd,*
    127 Fed. App. 3 (2nd Cir. 2005) ...............................................................................4

*U.S. v. Eleven Vehicles,*
    200 F.3d 203 (3rd Cir. 2000) ................................................................................4,5

1323172

ARGUMENT

I

**AN EXTENSION SHOULD BE GRANTED WHEN THE STATE HAS NOT INCURRED ANY PREJUDICE AND INSTEAD HAS CONTRIBUTED TO ANY DELAY**

1. **Introduction**

In opposing the Lieberman request for an extension of the scheduling order, the State does not argue Lieberman's delay was due to neglect or other failure to attend to this litigation. Her good faith is unquestioned. Instead, the State's argument is that: (1) the request for an extension was too late because it was not before the deadline for expert reports had passed; and (2) the State has suffered prejudice by the delay.

For the reasons that follow, neither of these claims is really true when the facts are examined and any delay was contributed to by the State itself. Hence, it is not just to deny Lieberman an extension here.

2. **The State Contributed To Delay**

In citing to Local Rule 16.5, the State argues that this Lieberman motion for an extension violates the purpose behind that Rule – limiting requests for delays by establishing a bright line test. The problem with that argument is that it ignores the special circumstances of this case that show the early cut off date for expert reports became unrealistic by, in part, the State's own actions. Here are the facts:

1. On May 17, 2001 Lieberman's Court-appointed counsel filed her amended complaint. (D.I. 42).

2. The State then moved to dismiss the amended complaint on May 23, 2001. (D.I. 43).

1

3. The Court, after briefing, denied the motion to dismiss on August 30, 2001. (D.I. 48).

4. The State appealed to the Third Circuit Court of Appeals on September 12, 2001. (D.I. 49).

5. After 2 years, the Third Circuit rejected the State's appeal, finding it was without merit, based on established precedent. (D.I. 53).

6. This Court then entered a Scheduling Order in April, 2004, setting a trial in April 2005. (D.I. 57).

7. The State at that point had never actually answered the Lieberman complaint and thereafter continued to not file an answer. Instead, after the State itself asked for and received an extension to do so, the State filed its first set of summary judgment motions on November 12, 2004, in part alleging this Court lacked subject matter jurisdiction because the Family Court did not receive federal funds. (D.I. 62).

8. When it became apparent that this lack-of-federal-funding issue raised disputes of fact (keeping in mind the State had never asserted this defense before), the April 2005 trial was postponed to allow for further discovery and more motion practice by the State.[1]

9. At this point in early 2005, the State finally filed an answer to the complaint and then, on March 21, 2005, filed yet another motion for summary judgment, again arguing lack of federal funding.

10. This required Lieberman's counsel to take additional discovery, including deposing the State's "funding" witness. At this same time, the existing expert report cutoff date approached, on March 31, 2005.

---

[1] Subsequently, it became apparent the State has received millions of dollars of federal funding. See D.I. 80.

11. The State would later not only depose Lieberman again, but file yet another summary judgment motion on June 15, 2005. That led to more extensive briefing over the summer of 2005. (D.I. 88).

12. During this entire period of delay, Lieberman has continued to be without funds to find and pay for expert testimony. Eventually, counsel for Lieberman expended his firm's own funds to do so. As explained in Lieberman's motions for extension, finding Rehabilitation Act experts is hard. Counsel for Lieberman tried hard to find an expert in that area. It was also more difficult than expected to collect Lieberman's medical records from ten years ago. Further, Lieberman's own health problems, documented in her two depositions, has made it more difficult to present the facts to proposed experts. (D.I. 93).

As these facts show, this is <u>not</u> a case where a well-financed litigant, free of any disability, has unreasonably delayed finding an expert. Instead, given: (1) the multiple motions filed by the State, (2) the discovery those motions generated, (3) the lack of funds to find experts and the other difficulties Lieberman has faced here, and (4) the eventual retention of experts whose reports show Lieberman's case has merit, the extension requested is for good cause.

Finally, we fully appreciate that trial dates, once reserved, may deprive other litigants of the Court's time to try their cases. But, that assumes trial of this case must be postponed – relief Lieberman does <u>not</u> request, and significantly, the State also has not sought, yet. Given the State's resources, and that trial is over two months away, it does not follow the trial date is lost. In any event, we submit that this is the rare case where an extension of the time to file expert reports is justified. If the State asks for a continuance, Lieberman will agree.

3

3. **The Delay Was For Good Cause**

Requests for an extension should be considered in the context of the surrounding circumstances. *U.S. v. Eleven Vehicles*, 200 F.3d 203 (3rd Cir. 2000), and *Harris v. City of Philadelphia*, 47 F.3d 1311 (3rd Cir. 1995).

Here, the circumstances just noted establish good cause for the extension. Lieberman has not sought any significant extensions previously. Her counsel has been reasonably diligent in searching for expert witnesses in a difficult area to find expertise, all while rebutting multiple motions by the State. Now that the expert testimony has been found (and it is time to ask for an extension to be sure an extension request was not going to be for naught), an extension is for good cause. These are accepted reasons for delay. Compare *LaFlamme v. Carpenters Local No. 370 Pension Plan*, 220 F.R.D. 181 (N.D.N.Y. 2003), *aff'd*, 127 Fed. App. 3 (2nd Cir. 2005).

## II

## AN EXTENSION MAY BE GRANTED IN THE ABSENCE OF PREJUDICE TO THE OPPOSING PARTY

### 1. Introduction

The State also argues against permitting the case of Lieberman's experts on the grounds that it has filed a motion for summary judgment that will be "seriously prejudice[d]" if those reports are permitted. (D.I. 95 at 10). Apparently, the claim is that: (1) the State argued Lieberman was not disabled; and (2) the Lieberman expert reports say she was disabled, within the meaning of the Rehabilitation Act. This argument distorts what the State has previously argued. We start there first.

### 2. The State Never Really Argued Lieberman Was Not Disabled

For almost all of its summary judgment briefing, the State argued that Lieberman cannot establish "she has suffered any adverse employment action" because she was too ill to work anyway. (*Id.* at 10). This is not surprising because the State has repeatedly cited Lieberman's receipt of a disability pension as constituting, somehow, a waiver of her claims here.[2] (*Id.*) Only in passing did the State more recently note Lieberman lacked "evidence that she is disabled." (*Id.*)

### 3. The State Has Not Been Unfairly Prejudiced

This Court is free to grant an extension of time when to do so is not prejudicial to the opposing party. *U.S. v. Eleven Vehicles,* 200 F.2d 203 (3rd Cir. 2000). The absence of prejudice here is easily demonstrated. Before the time to submit expert reports had passed in March 2005, the State filed its first "Opening Brief For Summary Judgment" on November 12, 2004 (D.I. 65).

---

[2] As Lieberman has noted in her responsive papers, receipt of a disability pension does not bar a Rehabilitation Act claim. (D.I. 67, 80, 90).

5

That brief did <u>not</u> even mention that Lieberman had failed to produce any expert testimony. Instead, the State argued she was too disabled to work. Thus, the absence of such reports was not relied on then. Now, the State has filed a brief that is virtually a word-for-word copy of its prior brief, but now does mention Lieberman had no expert. Surely if the prior brief did not need to mention the absence of any expert witnesses, the current summary judgment brief did not need to do so either. Hence, it is just not true that the State has relied on the absence of expert testimony here.

### 4. Conclusion

From the outset of this litigation the State has known or should have known Lieberman was disabled. Thus, as her expert reports address, the issue always has been whether the State provided or could have provided her with reasonable accommodations for her disability to enable her to work. There are no surprises; no unexpected issues. While of course the State will need to respond to Lieberman's experts, having to prove your defense is not the type of "prejudice" that warrants denial of a reasonable extension request.

## **CONCLUSION**

The State has made Lieberman and her counsel work hard on many dispositive motions, an appeal and discovery. This taxed the resources of Lieberman and counsel and contributed to delay. Unanticipated difficulties also delayed producing an expert report. However, those reports are now available; they show Lieberman has a case. They should be permitted.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

_/s/ Edward M. McNally_
Edward M. McNally (#614)
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
Attorneys for Plaintiff
Elberta Bernice Lieberman
emcnally@morrisjames.com

December 30, 2005

## CERTIFICATE OF ELECTRONIC SERVICE

I, Edward M. McNally, hereby certify that on December 30, 2005, I electronically filed a copy of Plaintiff Elberta Bernice Lieberman's Reply Brief In Support Of Its Motion For Leave To Amend The Scheduling Order and this Certificate of Service with the Clerk of Court using CM/ECF which will send notification of such filings to the following:

Marc P. Niedzielski, Esquire
Department of Justice
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

_____
Edward M. McNally (#614)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue
Wilmington, DE 19801
(302) 888-6800
emcnally@morrisjames.com

1324700/1