IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELBERTA BERNICE LIEBERMAN,    )
    )
    Plaintiff,    )
    )
    v.    )    C.A. No. 96-523-GMS
    )
THE STATE OF DELAWARE,    )
THE FAMILY COURT OF THE    )
STATE OF DELAWARE    )
    )
    Defendant.    )

## FINAL PRETRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to

Fed. R. Civ. P. ("Rule") 16, and Edward M. McNally, Morris, James, Hitchens &

Williams LLP, 222 Delaware Avenue, Wilmington, DE 19899 (302-888-6880) having

appeared as counsel for plaintiff Elberta Bernice Lieberman ("Lieberman") and Marc P.

Niedzielski and Ilona Kirshon, Deputy Attorneys General, 820 North French Street, 6th

Floor, Wilmington, DE 19801 (302-577-8324) having appeared as counsel for the

defendants, The State of Delaware, The Family Court of the State of Delaware

(collectively "the Family Court"), the following actions were taken.

    1.    <u>Jurisdiction and Nature of Action</u>

    By her amended complaint, Lieberman alleged that the Family Court as

her employer: (1) violated Title II of the Americans with Disabilities Act, 42 U.S.C.

§12101 *et seq.* (the "ADA Claim"); (2) violated Section 504 of the Rehabilitation Act, 29

U.S.C. §701 *et seq.* (the "Rehabilitation Act Claim"); and (3) retaliated against Ms.

Lieberman for filing her ADA and Rehabilitation Act Claims.  Following the Family

Court's motion, the Court dismissed the ADA claims pursuant to the Eleventh

Amendment, but permitted the Section 504 claims to proceed.[1]  Accordingly, the claims

before the Court are a discrimination claim and retaliation claim under Section 504 of the

Rehabilitation Act.

The Family Court contests subject matter jurisdiction as it contends there is no

waiver of its Eleventh Amendment immunity under *Koslow v. Pennsylvania*, 302 F.3d

161 (3rd Cir. 2002).  That issue has been briefed and is awaiting decision.  Additionally,

the Family Court denies that it discriminated against Lieberman.

2.      Stipulation of Facts

The facts set forth in Exhibit A attached hereto are deemed admitted and

are to be part of the evidentiary record in this case and may be read to the jury by the

Court or any party.

3.      Statement of Issues of Facts or Law Agreed

The parties agree that the statements of issues of fact or law set forth in

Exhibit B are to be litigated at trial.

4.      Statement of Issues of Fact or Law That The
        Parties Do Not Agree Are To Be Litigated

The issues of fact or law that the parties do not agree are to be litigated are

set forth in Exhibit C.

5.      Schedule of Exhibits

Attached as Exhibit D is a list of the exhibits each party intends to offer

into evidence at trial, including any demonstrative exhibits, together with any objections

to such exhibits by any party.

---

[1]      *Elberta Bernice Lieberman v. State of Delaware*, C.A. 96-523 GMS (D. Del.
August 30, 2001), *aff'd, Elberta Bernice Lieberman v. State of Delaware*, No. 01-3540
(3d Cir. July 14, 2003).

6.     List of Witnesses

Attached as Exhibit E is a list of names and addresses of the witnesses to be called by each party, with statements of any objections. The qualifications of each proposed expert witnesses are attached to Exhibit E.

7.     List of Depositions

A list of all depositions or portion thereof to be read into evidence is attached as Exhibit F, including any objections.

8.     Special Damages

Ms. Lieberman's claims include her lost wages from 1994 to the present, based on her last rate of pay by the State with increases as calculated by the State and attached hereto as Exhibit G. In addition, Ms. Lieberman has a claim for pain and suffering damages. Defendants contend that under the law there are no damages in this case as there was no adverse employment action, that plaintiff is still disabled and that she has failed to mitigate her damages.

9.     Statement of Settlement Negotiations

The parties have participated in two separate mediations, one before the Third Circuit Court of Appeals mediator and a second mediation before Magistrate Thynge. Those discussions may continue, but are not ongoing now and are not likely to be productive.

10.     Status of Discovery

Fact discovery has been completed, but expert discovery remains to be done. Defendants contend that discovery was completed on June 30, 2005 under the Amended Scheduling Order.

11.    <u>Trial Time</u>

This case is scheduled for a 3 day jury trial.

12.    <u>Jury Selection</u>

The parties recommend that 8 jurors be selected at the commencement of

the trial.

This Order will control the course of the trial and may not be amended

except by consent of the parties and the Court, or by order of the Court to prevent

manifest injustice.


_____

United States District Court Judge

Date _____, 2006

MORRIS, JAMES, HITCHENS & WILLIAMS LLP          STATE OF DELAWARE
                                                 DEPARTMENT OF JUSTICE

/s/ Edward M. McNally                             /s/ Marc P. Niedzielski
_____                  _____
Edward M. McNally (#614)                          Marc P. Niedzielski (#2616)
222 Delaware Avenue, 10th Floor                   Ilona M. Kirshon (#3705)
Wilmington, Delaware 19899                        Carvel State Office Building
(302) 888-6800                                    820 North French Street
emcnally@morrisjames.com                          Wilmington, DE  19801
Attorney for Plaintiff                            (302) 577-8324
Elberta Bernice Lieberman                         Marc.Niedzielski@state.de.us
                                                  Attorneys for Defendants

EXHIBIT A

Stipulations of Facts

The parties hereby stipulate that the following facts are true and may be submitted to the jury without further proof at trial.

1.      Bernice Lieberman graduated from the University of Delaware in 1968, with a Bachelors Degree in Psychology.  She worked in various roles at the Delaware State Hospital and Terry Children's Psychiatric Center using her psychology training. Lieberman began her employment with the Family Court of the State of Delaware in 1974.

2.      Since 1974 Lieberman has had a number of diagnoses of mental problems. In 1981 and 1984 she took disability leave and pensions with the State for her mental illnesses which was approved by Family Court.  Plaintiff returned to employment with the Family Court until 1988, when Lieberman took another disability leave with pension for breast cancer.

3.      In 1987, Lieberman voluntarily took a demotion to a less demanding job, first as an investigative services officer and then as a mediation/arbitration officer for Family Court.  While she continued her treatments for her illnesses, she also was able to continue to work.

4.      On October 28, 1994, Lieberman was advised that she had been recommended for dismissal for a number of reasons.  No decision was ever made on that recommendation.  Instead, Lieberman applied for and received disability pensions from both the State of Delaware and the Social Security Administration.

5

EXHIBIT B

Statement of the Issues of Fact or Law
The Parties Agree Are To Be Litigated

Plaintiffs' Issues

1.   Did the State provide reasonable accommodations to Ms. Lieberman?

2.   Was Ms. Lieberman able to perform the essential functions of her job, with reasonable accommodations?

3.   Did the State attempt to work with Ms. Lieberman to develop the reasonable accommodations to enable her to perform her job?

4.   Did the Family Court retaliate against Lieberman for filing a claim with the EEOC?

5   What damages did Ms. Lieberman incur as a result of the State's violations of the Rehabilitation Act?

Defendants' Issues

1.   Did the Family Court receive any federal grants in 1993 or 1994?

2.   Is Ms. Lieberman a qualified person with a disability?

3.   Was Ms. Lieberman discriminated against by the Family Court solely based on her disability?

4.   Does Ms. Lieberman's failure to even attempt to mitigate her losses preclude any damage award?

5.   Defendants have a motion for summary judgment pending on the issue of jurisdiction and whether plaintiff has set out a prima facie case.

EXHIBIT C

Issues of Fact or Law the Parties
Do Not Agree Are To be Litigated

Plaintiff's Issues:

1.    Is Plaintiff entitled to a jury instruction on spoliation based on the destruction of documents by the Defendants?

2.    May Defendants' witnesses testify as to the contents of documents the Defendants destroyed or as to matters that would have been recorded on those documents?

EXHIBIT D

List of Exhibits

For the Plaintiff:

Plaintiff intends to offer the following exhibits at trial and reserves the right to offer additional exhibits in rebuttal or to offer any of the defendants' exhibits not offered by them at trial.

| Ex. # | Date | Description | Bates Range/Source | Objections by Plaintiff | Objections by Defendants | Date Admitted |
|-------|------|-------------|--------------------|-----------------------|--------------------------|---------------|
| PX 1 | 11/17/93 | Donofrio Memorandum | BL 0530-0533 | | | |
| PX 2 | 1/21/94 | Erb Evaluation | BL 0495-0503 | | | |
| PX 3 | 3/14/94 | Lieberman Memorandum | BL 0475-0477 | | | |
| PX 4 | 6/13/94 | Klosiewicz Letter | DEL 605-607 | | | |
| PX 5 | 8/11/94 | Stehle Memorandum | BL 0438 | | | |
| PX 6 | 9/9/94 | Erb Memorandum | BL 0414 | | | |
| PX 7 | 9/9/94 | Klosiewicz Memorandum | DEL 381-384 | | | |
| PX 8 | 11/1/94 | Stehle Letter | BL 0404 | | | |
| PX 9 | 11/17/94 | Klosiewicz Letter | BL 0393-0394 | | | |
| PX 10 | Misc. | Lieberman Evaluations | | | | |
| PX 11 | Undated | Chronological Chart of Key Events | To be prepared | | | |

Defendants object to any hearsay and exhibits created prior to October 22, 1994, as the statute of limitations bars any claims under Section 504 for events prior to the two year period (defendants have a pending motion for summary judgment on this ground).

8

Additionally, plaintiff's exhibits Nos. 1, 3, 6, 7 and 8 are responding documents that fairness would require the admission of the other documents for fairness. Also, exhibits 2 and 4 are (in addition to being inadmissible hearsay) attempts to circumvent the plaintiff's failure to properly provide expert testimony and would be unduly prejudicial.

9

For the Defendants:

Defendants list the following exhibits for its case-in-chief. However, defendants reserve the right to offer or use any exhibit in cross-examination and/or rebuttal.

| Ex. # | Date | Description | Bates Range/Source | Objections by Plaintiff | Objections by Defendants | Date Admitted |
|---|---|---|---|---|---|---|
| DX 1 | 6/1/89-12/31/89 | Employee Performance Planning and Appraisal | DEL 000441-000446 | | | |
| DX 2 | 1/90-12/90 | Employee Performance Planning and Appraisal | DEL 000075-000084 | | | |
| DX 3 | 1/91-12/91 | Employee Performance Planning and Appraisal | DEL 000065-000074 | | | |
| DX 4 | 4/3/92 | Letter from Dr. Marian Droba | BL 0591 | | | |
| DX 5 | 1/21/93 | Memo from Plaintiff to K. Donofrio | BL 0583 | | | |
| DX 6 | 3/7/93 | Memo from Plaintiff to R. Williams, K. Donofrio and A. DePaul | BL 0581 | | | |
| DX 7 | 3/9/93 | Memo from K. Donofrio to Plaintiff | BL 0578-0580 | | | |
| DX 8 | 1/92-12/92 | Employee Performance Planning and Appraisal | DEL 000049-000063 | | | |
| DX 9 | 5/13/93 | Memo from A. DePaul to Plaintiff | BL 0561 | | | |
| DX 10 | 5/19/93 | Memo from R. Williams to Plaintiff | BL 0558-0560 | | | |
| DX 11 | 6/21/93 | Memo from A. DePaul to Plaintiff | BL 0548 | | | |

10

| DX 12 | 6/22/93 | Memo from Plaintiff to R. Williams and K. Donofrio | BL 0545 | |
| DX 13 | 6/23/93 | Memo from K. Donofrio to Plaintiff | BL 0543-0544 | |
| DX 14 | 6/25/93 | Memo from K. Donofrio to Plaintiff | | 402/802 |
| DX 15 | 11/5/93 | Memo from Plaintiff to R. Williams, K. Donofrio and A. DePaul | BL 0538-0540 | |
| DX 16 | 11/8/93 | Memo from A. DePaul to Plaintiff | BL 0536-0537 | 802 |
| DX 17 | 11/15/93 | Administrative Directive from E. Pollard | BL 0534-0535 | |
| DX 18 | 11/17/93 | Memo from K. Donofrio to Plaintiff | BL 0530-0533 | 802 |
| DX 19 | 11/24/93 | Memo from Plaintiff to R. Williams | BL 0529 | |
| DX 20 | 11/29/93 | Memo from A. DePaul to Mediation Unit | BL 0528 | |
| DX 21 | 12/1/93 | Memo from A. DePaul to Plaintiff | DEL 000085 | 802 |
| DX 22 | 12/6/93 | Memo from A. DePaul to Plaintiff | BL 0527 | 802 |
| DX 23 | 12/14/93 | Memo from A. DePaul to Plaintiff | BL 0525-0526 | 802 |
| DX 24 | 1/93-12/93 | Employee Performance Planning and Appraisal | BL 0514-0522 | |
| DX 25 | 1/7/94 | Memo from R. Williams to Plaintiff | BL 0511-0513 | 802 |

| | | | |
|---|---|---|---|
| DX 26 | 1/20/94 | Letter from Plaintiff to Lynn Erb, Ph.D. | BL 0504-0507 | |
| DX 27 | 2/8/94 | Memo from Plaintiff to K. Donofrio | BL 0492 | |
| DX 28 | 2/10/94 | Memo from K. Donofrio to Plaintiff | BL 0491 | |
| DX 29 | 2/10/94 | Letter from Dr. Jane Mathisen To Whom it May Concern | BL 0490 | |
| DX 30 | 2/18/94 | Letter from Plaintiff to Dr. Alan Gruenberg | BL 0487-0489 | |
| DX 31 | 2/23/94 | Memo from K. Donofrio to Plaintiff | BL 0483-0486 | 802 |
| DX 32 | 3/3/94 | Letter from Dr. Oscar Martinez To Whom it May Concern | BL 0367 | |
| DX 33 | 3/14/94 | Memo from Plaintiff to The New Castle County Judges | BL 0475-0477 | 802 |
| DX 34 | 3/14/94 | Memo from R. Williams to Plaintiff | BL 0470-0474 | 802 |
| DX 35 | 3/18/94 | Letter from ADA Coordinator to Plaintiff | BL 0469 | 402/802 |
| DX 36 | 3/18/94 | Letter from Dr. Charles Cantor to Plaintiff | BL 0468 | |
| DX 37 | 3/18/94 | Memo from Plaintiff to K. Donofrio | BL 0467 | |
| DX 38 | 3/22/94 | Memo from R. Williams to Plaintiff | BL 0457 | 802 |
| DX 39 | 3/22/94 | Memo from K. Donofrio to Plaintiff | BL 0458 | 802 |

12

| | | | | |
|---|---|---|---|---|
| DX 40 | 3/31/94 | Opinion from DAGs J. Reed and S. Hoffman to Plaintiff | DEL 000612-000617 | 402 |
| DX 41 | 4/7/94 | Letter from Dr. Alan Gruenberg to Dr. Jane Mathisen | BL 0454-0456 | |
| DX 42 | 6/28/94 | Note from Plaintiff to D. Weiss | BL 0444 | |
| DX 43 | 7/18/94 | Letter from Dr. Nancy Murphy to R. Klosiewicz | BL 0366 | |
| DX 44 | 8/9/94 | Memo from K. Donofrio to Plaintiff | BL 0440-0441 | 802 |
| DX 45 | 8/10/94 | Letter from EEO Representative to Plaintiff | BL 0439 | 402/802 |
| DX 46 | 8/15/94 | Memo from Plaintiff to K. Donofrio | BL 0429-0432, BL 0434-0435 | |
| DX 47 | 8/16/94 | Memo from Plaintiff to K. Donofrio | BL 0425-0428, BL 0438 | |
| DX 48 | 8/19/94 | Memo from D. Weiss to Plaintiff | BL 0422-0423 | 802 |
| DX 49 | 8/29/94 | Memo from K. Donofrio to Plaintiff | BL 0418-0421 | 802 |
| DX 50 | 9/2/94 | Memo from K. Donofrio to Plaintiff | BL 0417 | 802 |
| DX 51 | 9/7/94 | Memo from D. Weiss to Plaintiff | BL 0416 | 802 |
| DX 52 | 9/9/94 | Memo from R. Klosiewicz to Plaintiff | BL 0412-0413 | 802 |
| DX 53 | 9/9/94 | Letter from Lynn Erb, Ph.D. To Whom it May Concern | BL 0414 | |

13

| | | | | |
|---|---|---|---|---|
| DX 54 | 10/28/94 | Memo from D. Weiss to Plaintiff | BL 0406-0408 | |
| DX 55 | 11/1/94 | Letter from Dr. N. Scott Stehle To Whom it May Concern | BL 0404 | |
| DX 56 | 11/1/94 | Authorization to Release Information for the Institute of Pennsylvania Hospital signed by Plaintiff and Discharge Summary (dated 2/4/94) | DEL 000450-000453 | |
| DX 57 | 11/2/94 | Letter from R. Klosiewicz to Plaintiff | BL 0398-0403 | 802 |
| DX 58 | 11/12/94 | Letter from Plaintiff to EEOC | BL 0396-0397 | 402 |
| DX 59 | 3/31/95 | Letter from Office of Pensions to Plaintiff | BL 0358-0359 | |
| DX 60 | 5/23/95 | Notice of Award from Social Security Administration to Plaintiff | BL 0355-0357 | |
| DX 61 | 8/21/95 | Letter from Plaintiff to EEOC Investigator | BL 0346-0354 | 402 |
| DX 62 | 6/14/96 | Letter from EEOC to Plaintiff | BL 3166-3168 | 402/802 |
| DX 63 | 7/31/96 | Dismissal and Notice of Rights from EEOC to Plaintiff | BL 0794 | |
| DX 64 | 11/4/96 | Response to ADA Intake Questionnaire by Plaintiff | BL 0771-0791 | |
| DX 65 | 10/6/97 | Complainant's Answer to Respondents' Position Statement | BL 0686-0707 | |

14

| | | | | | |
|---|---|---|---|---|---|
| DX 66 | 3/20/98 | State of Delaware, Office of Pensions Report of Examining Physician Form from Dr. Virginia Ashley | | | |
| DX 67 | 11/30/98 | Report of Continuing Disability Interview prepared by Plaintiff | D 0825-0835 | | |

15

EXHIBIT E

List of Witnesses

For Plaintiff:

1.    Elberta Bernice Lieberman

2.    Neal Blumberg, M.D., F.A.P.A. (expert)

Dr. Blumberg is a medical doctor, specializing in psychiatry.  He is a graduate of Emory University and the George Washington University Medical School.  He has taught psychiatry at the university level and has practiced as a psychiatrist for over 25 years.  He has been retained as an expert in general and forensic psychiatry by the United States Attorney in Maryland, New Jersey and the District of Columbia and has testified as an expert in many court cases.  His resume is attached.

3.    Daniel M. Rappucci, M.A., LRC, LPC, CRC (expert)

Mr. Rappucci is a licensed professional counselor focusing on accommodations for persons with disabilities.  He has a Masters Degree in Counseling and over 20 years experience in consulting on non-discriminatory employment practices and over 30 years experience as a counselor to persons with disabilities.  His resume is attached.

Defendants object to Mr. Rappucci and Dr. Blumberg as neither was identified in accordance with the Amended Scheduling Order by March 31, 2005, nor even prior to the close of discovery on June 30, 2005.

For Defendants:

Elberta Bernice Lieberman

Kathleen A. Weiss
Office of the Secretary
Department of Health and Social Services
1901 North DuPont Highway
New Castle, DE 19720

David Weiss
Office of Budget and Management
900 King Street
Wilmington, DE 19801

Randall Williams
Robert Klosiewicz
Karen Disch
Family Court of the State of Delaware
500 North King Street
Wilmington, DE 19801

Edward Pollard
Court of Chancery of the State of Delaware
500 North King Street
Wilmington, DE 19801

Ana DePaul
Department of Health and Social Services
84a Christiana Road
New Castle, DE 19720

The Honorable Vincent J. Poppiti (Ret.)
Blank Rome LLP
Chase Manhattan Centre
Suite 800
1201 Market Street
Wilmington, DE 19801-4226

Defendants reserve the right to call any witness in rebuttal.

Plaintiff objects to Defendants calling Kathleen A. Weiss, David Weiss and Karen

Disch on the grounds that they were not identified as witnesses in response to plaintiff's

interrogatories.

# CURRICULUM VITAE
June, 2005

**NAME:**  Neil Howard Blumberg, M. D.

**OFFICE:**  30 East Padonia Road - Suite 206
Timonium, Maryland  21093
Telephone: (410) 561-1156
Fax: (410) 683-0332
e-mail: neilblumbergmd@aol.com

**LICENSURE:**  State of Maryland (D22343) - 1978
Commonwealth of Pennsylvania (MD-069574-L) - 1999
Commonwealth of Virginia (0101222870) - 1999
State of Georgia (48599) - 2000
State of Florida (ME81518) - 2000

**CERTIFICATION:**  Diplomate, The National Board of Medical Examiners
(180948) - 1978

Diplomate, The American Board of Psychiatry and
Neurology (24698) - 1983

Diplomate, The American Board of Forensic Psychiatry
(184) - 1986

**TEACHING APPOINTMENT:**  University of Maryland School of Medicine, Institute of Psychiatry
and Human Behavior - Baltimore, Maryland

Clinical Assistant Professor in Psychiatry -

Forensic Psychiatry Faculty

Duties include Clinical Supervision of Fellows,
Residents and Medical Students and Lecturing to
Fellows, Residents and Medical Students

## PROFESSIONAL WORK EXPERIENCE:

January, 2000 – January, 2003  Forensic Psychiatric Consultant to Circuit and District Courts of Baltimore
County, Office of Forensic Services, Department of Health and Mental
Hygiene, State of Maryland

Duties Include:
- Pretrial Screening Services for Competency and Criminal Responsibility to
the Circuit and District Courts of Baltimore County
- Presentence Services to the District Court of Baltimore County

July, 1996 - July, 1997  Psychiatric Consultant - Medical Office of Circuit Court for Baltimore City

Page Two

CURRICULUM VITAE (Continued)
Neil Blumberg, M. D.

## PROFESSIONAL WORK EXPERIENCE (Continued):

January, 1996 - July, 1999    Director of Forensic Evaluation - Spring Grove Hospital Center - Catonsville, Maryland

Duties Included:
- Supervision of All Inpatient/Outpatient Evaluations of Competency to Stand Trial and Criminal Responsibility
- Consult on All Proposed NCR Conditional Releases
- Consult on Civilly Committed Patients
- In-Service Training on Forensic Issues
- Clinical Case Consultations

July, 1981 - Present    Private Practice of General and Forensic Psychiatry, Including:

General Psychiatry
- Adult Outpatient Individual Psychotherapy
- Psychotropic Medicine Management
- Outpatient Consultation

Forensic Psychiatry - Criminal Issues
- Competency to Stand Trial
- Criminal Responsibility/Insanity
- Intoxication
- Mens Rea
- Diminished Capacity
- Pre-Sentence Evaluations
- Capital Sentencing
- Waiver of Miranda
- Voluntariness of Confessions
- Competency to be a Witness
- Dangerousness
- Battered Spouse/Woman Syndrome
- Juvenile Transfer of Jurisdiction

Forensic Psychiatry - Civil Issues
- Personal Injury
- Workers' Compensation
- Malpractice
- Competency/Guardianship
- Sexual Harassment
- Age, Race and Sex Discrimination
- Parental Fitness
- Disability
- Fitness for Duty
- Civil Commitment
- Psychiatric Autopsy

September, 1983 - June, 1984    Director of Forensic Evaluation - Clifton T. Perkins Hospital Center - Jessup, Maryland

July, 1981 - September, 1983    Staff Psychiatrist - Clifton T. Perkins Hospital Center - Jessup, Maryland

CURRICULUM VITAE (Continued)
Neil Blumberg, M. D.


Retained as an Expert in General and Forensic Psychiatry by the following offices:

Criminal Defense Agencies:

Maryland Office of the Public Defender
Public Defender Service for the District of Columbia
Public Defender Service for Alexandria, Virginia
Office of the Federal Public Defender, Baltimore, Maryland; Washington, District of Columbia; Wilmington, Delaware; District of New Jersey and Eastern District of Virginia
NAACP Legal Defense Fund
Office of the Public Defender, Camden and Essex Counties, New Jersey;
Office of the Public Defender, Cumberland, Dauphin, Huntingdon, Lancaster, Snyder, Tioga, Union and York Counties, Pennsylvania
Office of the Public Defender, DeKalb County, Georgia
Office of the Public Defender, Fairfax County, Virginia
Defender Association of Philadelphia, Federal Court Division, Capital Habeas Corpus Unit
Center for Legal Education, Advocacy and Defense Assistance (L.E.A.D.A.)
Center for Death Penalty Litigation, Inc., Durham, North Carolina
New Hampshire Office of the Public Defender
State of Florida, Office of the Public Defender, 15th Judicial Circuit, Palm Beach County
Connecticut Office of the Public Defender

Criminal Prosecution Agencies:

Office of the States Attorney for Baltimore County, Carroll, Montgomery, Prince George's and Worcester Counties, Maryland
Office of the United States Attorney for the District of Columbia (U.S. District Court and Superior Court of the District of Columbia)
Office of the United States Attorney for the District of Maryland
Office of the Attorney General for the State of New Jersey
Office of the Prosecutor for Burlington and Camden Counties, New Jersey
Office of the Prosecutor for Baltimore City, Maryland
Office of the District Attorney for Cumberland, Dauphin, Huntingdon, Lancaster and Mifflin Counties, Pennsylvania

Page Four

CURRICULUM VITAE (Continued)
Neil Blumberg, M. D.

Civil Agencies:

      Office of Law, Prince George's County, Maryland
      Office of Law, Anne Arundel County, Maryland
      Office of County Attorney for Baltimore County and Carroll County, Maryland
      Department of Social Services, Carroll and Harford Counties, Maryland
      Office of Personnel, Howard County, Maryland
      Baltimore County Public Schools
      Subsequent Injury Fund
      Office of Bar Counsel, Washington, D.C.
      Attorney Grievance Commission of Maryland
      Department of Law, City of Baltimore
      Maryland Commission on Judicial Disabilities
      United States Department of Justice, Office of the United States Attorney, District of Columbia
      Board of Physician Quality Assurance, Maryland
      Offices of the Attorney General for Maryland

Courts' Witness:

      United States District Courts for District of Maryland, Northern District, Baltimore, Maryland and
        Southern District, Greenbelt, Maryland
      United States District Court for Eastern District of Virginia
      Superior Court of the District of Columbia
      Circuit Courts for Baltimore County, Carroll, Harford and Prince George's Counties, Maryland
      District Courts for Baltimore County and Howard County, Maryland
      Courts of Common Pleas for Cumberland and York Counties, Pennsylvania

<u>CURRICULUM VITAE</u> (Continued)
Neil Blumberg, M. D.


<u>Qualified as an Expert in General and Forensic Psychiatry in</u>:
    All Circuit Courts of Maryland
    Superior Court of the District of Columbia
    Superior Court of Dekalb County, Georgia
    United States District Court for Wilmington, Delaware
    United States District Court for District of Columbia
    United States District Court for Northern District Illinois, Eastern Division
    United States District Courts for Baltimore and Greenbelt, Maryland
    United States District Court for Western District, North Carolina
    United States District Courts for Middle District and Eastern District of Pennsylvania
    United States District Court for Eastern District of Virginia
    Pennsylvania Court of Common Pleas for Berks County
    Pennsylvania Court of Common Pleas for Franklin County
    Pennsylvania Court of Common Pleas for Fulton County
    Pennsylvania Court of Common Pleas for Lancaster County
    Pennsylvania Court of Common Pleas for Lehigh County
    Pennsylvania Court of Common Pleas for Mifflin County
    Pennsylvania Court of Common Pleas for Philadelphia County
    Pennsylvania Court of Common Pleas for Snyder County
    Pennsylvania Court of Common Pleas for Tioga County
    Pennsylvania Court of Common Pleas for Union County
    Pennsylvania Court of Common Pleas for Westmoreland County
    Pennsylvania Court of Common Pleas for York County
    Circuit Court of Burlington County, New Jersey
    Circuit Court for Camden County, New Jersey
    Circuit Court of Alexandria, Virginia
    Circuit Court of Arlington County, Virginia
    Circuit Court of Fairfax County, Virginia
    Circuit Court of Chesapeake, Virginia
    Circuit Court of Kanawha County, West Virginia
    Naval and Marine Corps Trial Judiciary – Mid-Atlantic Circuit

Page Six

CURRICULUM VITAE (Continued)
Neil Blumberg, M. D.

## ACADEMIC HISTORY:

| | |
|---|---|
| 1965 -<br>June, 1969 | Columbia High School - Maplewood, New Jersey<br>Graduated |
| September, 1969 -<br>May, 1973 | Emory University - Atlanta, Georgia<br>Bachelor of Arts<br>Highest Honors in Psychology<br>Member, Phi Beta Kappa |
| September, 1973 -<br>May, 1977 | George Washington University Medical School - Washington, D.C.<br>Doctor of Medicine |
| 1975 | Summer Research Fellowship from George Washington University Medical School to work at the National Institutes of Mental Health under Doctors Frederick Goodwin and Philip Gold |
| July, 1977 -<br>July, 1980 | Sheppard and Enoch Pratt Hospital - Towson, Maryland<br>Psychiatry Residency |
| July, 1980 -<br>July, 1981 | University of Maryland Hospital, University of Maryland School of Medicine, Institute of Psychiatry and Human Behavior - Baltimore, Maryland<br>Fellow in Forensic Psychiatry |
| July, 1981 -<br>July, 1991 | University of Maryland School of Medicine, Institute of Psychiatry and Human Behavior - Baltimore, Maryland<br>Clinical Instructor in Psychiatry |
| July 1991 - Present | University of Maryland School of Medicine, Institute of Psychiatry and Human Behavior - Baltimore, Maryland<br>Clinical Assistant Professor in Psychiatry |

## ACADEMIC, COMMUNITY, PROFESSIONAL ACTIVITIES:

Member, Admissions Committee - October, 1992 - July, 1999
University of Maryland School of Medicine

FORENSIC REPORTS
Member, Editorial Board, 1987-1992

HOSPITAL AND COMMUNITY PSYCHIATRY
Reviewer, 1993-2000

Physician Volunteer, Disaster Mental Health Volunteer Corps, Maryland Department of Health and Mental Hygiene, January 21, 2005-Present

**CURRICULUM VITAE**
**Daniel M. Rappucci, MA, LRC, LPC, CRC, CCM, CDMS**

## LICENSE/CERTIFICATIONS

<u>Licensed Professional Counselor</u>
Commonwealth of Pennsylvania
License # PC000289
<u>Licensed Rehabilitation Counselor</u>
State of New Jersey
License # RC 02503
<u>Senior Disability Analyst and Diplomate</u>
American Board of Disability Analysts
Certificate No. 4148-96
<u>Certified Rehabilitation Counselor</u>
Commission on Rehabilitation Counselor Certification
Certificate No. 13973
<u>Certified Disability Management Specialist</u>
Certification of Disability Management Specialists Commission
Certificate No. 01634
<u>Certified Case Manager</u>
Commission on Rehabilitation Counselor Certification
Certificate No. 02421
<u>Certification in Continuing Engineering Education/Ergonomics:  Evaluation & Upper Limb/Back Disorders</u>
The University of Michigan
Course #9334
<u>Ergonomic Certification Program - Roy Mathesson 2002</u>

## EDUCATION

<u>1973 M.A. Vocational Rehabilitation Counseling</u>
East Carolina University, Greenville, NC
<u>3/73-5/73 Internship</u>
Bureau of Vocational Rehabilitation
Washington, NC
<u>1/73-3/73 Internship</u>
Counseling & Guidance Center
East Carolina University
Greenville, NC
<u>1971 B.A. Psychology Major, Sociology/Economics Minor</u>
East Carolina University, Greenville, NC

Continuing Education/Professional Seminars on ADA, Essential Functions/Job Analyses, Vocational Evaluation, Earnings Analysis, Forensic Rehabilitation, Disability Management, Job Development, and Occupational Safety and Health Standards, and Ergonomic Evaluation.

## EXPERIENCE

October 1981-Present
Danmar Associates, Frazer, PA
<u>Disability Analyst/Rehabilitation Counselor</u>

Consult to industry on non-discrimination employment practices. Offer vocational expert analyses and testimony pertaining to worker's compensation, liability (personal injury, professional malpractice, product liability, etc.), ADA compliance or non-compliance, social security, etc. Supervise case management staff and direct disability management operations. Complete labor market surveys, confirming available and appropriate employment opportunities and associated wages.  Counsel clients with physical limitations to provide  vocational rehabilitation services. Interview/evaluate/test individuals and confer with medical and professional personnel to determine degree of disability and  eligibility  for  services.  Provide counseling, coordinate return to work services; direct job development and

placement services.  Provide post-employment services to include job accommodation and the purchase of ergonomically designed tools and work aides to facilitate adjustment to re-employment.  Complete plant-wide ADA compliant job analyses for multi-state manufacturing and service organizations.  Provide employers (both public and private) with consulting services on non-discriminatory employment practices; assist with mediation/resolution of disability claims.

November 1979-October 1981
Comprehensive Rehabilitation Services, Wayne, PA
Rehabilitation Consultant/Marketing Representative

Marketed rehabilitation services to insurance industry.  Reviewed cases for referral, determined appropriateness of referral and completed initial rehabilitation plan.  Provided direct rehabilitation services to head trauma and catastrophic referrals.

October 1977-November 1979
The Elwyn Institutes, Elwyn, PA
Director of Vocational Training

Managed intake, evaluation, trade training and job placement departments.  Completed grants to private, public and governmental funding sources.  Responsible for program expansion and rehabilitation plan supervision for clients served.

October 1975-October 1977
The Elwyn Institutes, Elwyn, PA
Coordinator, Job Development and Placement Program

Supervised placement staff and developed cooperative employment programs with industry.  Provided direct client placement services and requisite post-employment services.

September 1974-October 1975
The Elwyn Institutes, Elwyn, PA
Vocational Placement Counselor

Provided job development and placement services to clients who completed trade training programs.  Recipient of the Counselor of the Year Award--1976, by the NARC.

September 1973-September 1974
The Elwyn Institutes, Elwyn, PA
Rehabilitation Counselor

Established client rehabilitation plan, reviewed all client assessments and evaluations, recommended client for required training, coordinated ancillary and placement services.

## PROFESSIONAL AFFILIATIONS AND RECOGNITIONS
- President--International Association of Rehabilitation Professionals (1995-96)
- Counselor of the Year Award/NARC (1976)
- National Rehabilitation Association
- Recognized as a rehabilitation specialist in head trauma and traumatic spinal cord injury.
- 32 years of experience in the rehabilitation community with multiple populations.
- National Rehabilitation Counseling Association Job Placement Division
- National Rehabilitation Administration Association
- Vocational Evaluation and Work Adjustment Association
- International Association of Rehabilitation Professionals in the Private Sector
- Pennsylvania Counseling Association
- Guest Lecturer, Pennsylvania Bar Institute; ADA, Vocational Analysis
- Adjunct Professor, University of Scranton, Fall 2000, "Vocational Aspects of Disability"

## PUBLICATIONS

***Pennsylvania Trial Lawyers Association***.    Damages: Proven Strategies & Trial Tactics, <u>Establishing Vocational Damages</u>, Pub. No. 253-2002

***Pennsylvania Bar Institute***.  Pennsylvania Workers' Compensation Practice & Procedure, <u>The Concept of Skills Transferability</u>, PBS No. 2002-2768

***Pennsylvania Bar Institute***.  Workers' Compensation Law Section, Spring Meeting, <u>Labor Market Survey – Consultant Perspective</u>, Pub. No. 1999-2346J

## PROGRAM PARTICIPANT

***Pennsylvania Bar Institute***.  Examining Medical and Non-Medical Experts in Civil Litigation, June 2001

***Pennsylvania Bar Institute***.  Trial of an ADA Case, June 1999

***Pennsylvania Bar Institute***.  Litigating Employment Discrimination Cases.  Using Vocational Expert Testimony to Establish that an Employer Perceives the Plaintiff as Having a Disability under the ADA, December 2004

## OTHER

***<u>World Trade Center Victim Compensation Fund/The Trial Lawyers Care</u>***

Provided services on World Trade Center lead cases.  Presented testimony before Special Master Kenneth R. Feinberg. Cases involved Loss of Earning/Income Capacity and Life Care Planning.

***<u>Social Security Administration, Office of Hearings and Appeals</u>***

Vocational Consultant

EXHIBIT F

<u>List of Deposition To Be Read Into Evidence</u>

<u>Plaintiff's List:</u>

Plaintiff will offer all of the depositions of Karen Disch into evidence.

EXHIBIT G

List of Damages

Plaintiff Ms. Lieberman will show that she lost the following wages:

| Fiscal Year | Age | Annual Salary | Pay Raise |
|---|---|---|---|
| 7/1/1994 | 47 | $ 33,674 | 3% increase |
| 7/1/1995 | 48 | $ 34,684 | 3% increase |
| 7/1/1996 | 49 | $ 35,478 | 2% increase |
| 7/1/1997 | 50 | $ 36,439 | 3% increase |
| 7/1/1998 | 51 | $ 37,932 | 3% increase |
| 7/1/1999 | 52 | $ 39,879 | 2% of midpoint ($697) + $1,250 |
| 7/1/2000 | 53 | $ 41,379 | 3% or $1,500, whichever is greater |
| 7/1/2001 | 54 | $ 42, 207 | 2% or $650, |
| 7/1/2002 | 55 | $ 43,051 | 2% or $600, whichever is greater |
| 7/1/2003 | 56 | $ 43,051 | no increase |
| 7/1/2004 | 57 | $ 43,912 | 2% projected |
| 7/1/2004 | 58 | $ 44,790 | 2% projected |
| 7/1/2005 | 59 | $ 45,686 | |
| 7/1/2006 | 60 | $ 45,686 | |
| 7/1/2007 | 61 | $ 45,686 | |
| 7/1/2008 | 62 | $ 45,686 | |
| 7/1/2009 | 63 | $ 45,686 | |

| 7/1/2010 | 64 | $ 45,686 |
| 7/1/2011 | 65 | |

In addition, Ms. Lieberman lost the increased pension benefit she would have received, based on these wages, of $5,000 for her life expectancy of 10 years.

Defendants object as the undisputed evidence is that plaintiff is incapable of any employment after October 28, 1994, she has made no effort to mitigate her purported losses, and finally, the sums have not been reduced to present value through expert testimony nor have amounts received from the State pension or SSDI been set off.