IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELBERTA BERNICE LIEBERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 96-523 (GMS) |
| THE STATE OF DELAWARE, | ) |
| THE FAMILY COURT OF THE STATE | ) |
| OF DELAWARE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

In the above-captioned action, Plaintiff Elberta Bernice Lieberman, a former Family Court employee, alleges that she was victim of unlawful disability discrimination, pursuant to Section 504 of the Rehabilitation Act of 1973, Pub. L. No. 93-112, 87 Stat. 355 (codified as amended at 29 U.S.C.A. § 794(a) (Supp. 2005)). In particular, Lieberman alleges that, in 1993 and 1994, the defendants unlawfully failed to accommodate her alleged disability and ultimately forced her to retire. Presently before the court is the defendants' motion for summary judgment on the issue of subject matter jurisdiction.

Although states are normally shielded from suit in federal court by their Eleventh Amendment immunity, the Third Circuit held in *Koslow v. Pennsylvania* that a state may elect a limited waiver of that immunity in certain circumstances. 302 F.3d 161, 172 (3d Cir. 2002). One such circumstance is found in Section 504 of the Rehabilitation Act, which provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C.A. § 794(a). "Therefore, if a state accepts federal funds for a specific department or

agency, it voluntarily waives sovereign immunity for Rehabilitation Act claims against the department or agency – but only against that department or agency." *Koslow*, 302 F.3d at 171.

In the present case, the defendants acknowledge that the Delaware Department of Health and Social Services' Division of Child Support Enforcement ("DCSE"), which received federal funds from 1993 to 1994 pursuant to Title IV-D of the Social Security Act, "provide[d] approximately 25% of the operating expenses of the Family Court." (D.I. 79 at 7.) Nevertheless, the defendants argue, the Family Court's receipt of funds from DCSE does not amount to a waiver of immunity because DCSE was an intermediary between the Title IV-D funds and the Family Court. However, in making that argument, the defendants ignore both the plain language of the Rehabilitation Act and the accompanying legislative history:

> For the purposes of this section, the term "program or activity" means all of the operations of –
>
> (1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or
>
> (B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) *to which the assistance is extended*, in the case of assistance to a State or local government[.]

29 U.S.C.A. § 794(b) (emphasis added).

> The bill provides that when any part of a state or local government department or agency is extended federal financial assistance, the entire agency or department is covered. If a unit of a state or local government is extended federal aid and distributes such aid to another governmental entity, all of the operations of the entity which distributes the funds *and all of the operations of the department or agency to which the funds are distributed are covered*.
>
> Examples: If federal health assistance is extended to a part of a state health department, the entire health department would be covered in all of its operations.
>
> If the office of a mayor receives federal financial assistance and distributes

>it to local departments or agencies, all of the operations of the mayor's office are covered *along with the departments or agencies which actually get the aid*.

S. Rep. No. 100-64, at 16 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 3, 18 (emphasis added).

Therefore, the court holds that, though the federal funds were channeled through the DCSE, the state waived its Eleventh Amendment immunity under Section 504 with regard to the Family Court.

IT IS HEREBY ORDERED THAT:

    The defendant's motion for summary judgment on the issue of subject matter jurisdiction (D.I. 78) be DENIED.


Dated: January 19, 2006　　　　　　　　　　　　/s/ Gregory M. Sleet
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE